PERRY AIKINS AND GERALDINE AIKINS, APPELLANTS, v. JOHN ANDREWS AND KARIN ANDREWS, RESPONDENTS.

No. 7828

November 21, 1975                    542 P.2d 734

[Rehearing denied December 22, 1975]

*William J. Crowell, Jr.,* of Carson City, for Appellants.

*Breen, Young, Whitehead & Hoy, Chartered,* of Reno, and *Jeffrey K. Rahbeck,* of Zephyr Cove, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

For their failure to give the required notice as provided in NRS 40.250(1)(e) the appellant lessors of a bar with an attached motel were held to have wrongfully retaken possession of the premises from the respondent lessees. Judgment for damages were assessed against them by the trial court in the amount of $1,000 general damages, $500 return of advanced rent and $750 attorney fees and costs.

NRS 40.250(1)(e) provides that "A tenant of real property . . . for a term less than life is guilty of unlawful detainer . . . [w]hen he continues in possession . . . after a neglect or failure to perform any condition or covenant of the lease or agreement under which the property . . . is held . . . and after notice in writing, requiring in the alternative the performance of such condition or covenant or the surrender of the property, served upon him . . . shall remain uncomplied with for 5 days after the service thereof . . ."

The second section of the statute was enacted in 1973, subsequent to the commencement of these proceedings, and voids any attempt by the landlord to shorten such period by contract or otherwise.

The lease consisted of the usual provisions: Rent at $500 per month; first and last month's rent to be paid upon execution of the lease; that the lessee would maintain the premises in a reasonable state of repair; and that upon breach of any covenant or condition the lessor, without notice, could terminate the lease and repossess the premises. The lease was executed on March 4, 1971.

The Andrews closed the bar when Mr. Andrews became ill in November 1971. The rent was paid for December 1971, but not for January 1972. During the month of January, Andrews and his wife continued to reside on the premises in one of the motel units. In early January, while they were temporarily absent, Aikins forcibly entered the premises and

observed that the water pipes were frozen and that a roof was leaking. On January 20, Aikins returned, served a notice of immediate termination on Andrews and padlocked the bar. He returned later to padlock the motel units as well.

The Andrews broke the padlocks on two of the motel units and continued to reside therein until early February at which time they vacated the premises permanently.

Aikins commenced this action for restitution of the property, damages for repairs and $500 rent for the month of January 1972. Andrews counterclaimed for return of the $500 rent deposit, damages for conversion of certain personal property which remained on the premises in possession of Aikins, and attorney fees and costs.

1. Before terminating the lease and dispossessing respondents, appellants failed to comply with the five-day notice provision of NRS 40.250(1)(e) which neither can be waived nor neglected. Gasser v. Jet Craft Ltd., 87 Nev. 376, 487 P.2d 346 (1971); Paul v. Armstrong, 1 Nev. 82 (1865). And in filing this appeal, appellants failed to comply as well with NRS 40.380[1] which requires that an appeal from a judgment in unlawful detainer be filed within ten days after notice of entry of judgment. This appeal was filed seven days late. Such an oversight renders this court without jurisdiction to entertain most of appellants' assignments of error and this appeal, as it pertains to questions incident to unlawful detainer, must be dismissed. West v. Edwards, 62 Nev. 1, 139 P.2d 1022, on rehearing (1943).

2. The judgment on the counterclaim is distinct from the unlawful detainer action and may be appealed within 30 days. West v. Edwards, supra. Andrews had paid $3,500 to the previous tenants for certain bar furnishings. When Aikins took

---

[1]NRS 40.380 provides: "Either party may, within 10 days, appeal from the judgment rendered. But an appeal by the defendant shall not stay the execution of the judgment, unless, within the 10 days, he shall execute and file with the court or justice his undertaking to the plaintiff, with two or more sureties, in an amount to be fixed by the court or justice, but which shall not be less than twice the amount of the judgment and costs, to the effect that, if the judgment appealed from be affirmed or the appeal be dismissed, the appellant will pay the judgment and the costs of appeal, the value of the use and occupation of the property, and damages justly accruing to the plaintiff during the pendency of the appeal. Upon taking the appeal and filing the undertaking, all further proceedings in the case shall be stayed."

possession of the premises he left the usable items in the bar and placed the rest, which were of little value, in storage. By rendering judgment for $1,000, the trial court impliedly found that sum to represent the fair market value of Andrews' appropriated personal property. As trier of the facts the court was empowered to make such a finding which, being supported by substantial evidence in the record, we will not disturb. Western Land Co. v. Truskolaski, 88 Nev. 200, 495 P.2d 624 (1972); Sala & Ruthe Realty, Inc. v. Deneen, 89 Nev. 98, 507 P.2d 140 (1973).

Dismissed in part and affirmed in part.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.