AMERICAN FENCE, INC., Appellant, *v.* HARRY P. WHAM, et al., Respondents.

Nos. 8484 and 8951

February 3, 1977                    559 P.2d 824

*Darrell L. Clark,* of Las Vegas, for Appellant.

*Edwin J. Dotson,* of Las Vegas, for Respondents.

---

## OPINION

*Per Curiam:*

Harry Wham, Antionette Wham and Edwin J. Dotson, co-owners of real property known as "Whamco Divers," 2490 Boulder Highway, leased the same to American Fence, Inc., for one year commencing February 1, 1975. Notice to quit and terminate lease was received by lessee September 12, 1975. An unlawful detainer action was commenced October 2, 1975, and the district court thereafter ordered restitution of the premises to lessors. Effectuation of that order was stayed pending decision on appeal therefrom in case No. 8484.[1]

The validity of the notice to quit and terminate lease is the point in issue. Proper notice is a jurisdictional precondition to an action for unlawful detainer. Gasser v. Jet Craft Ltd., 87 Nev. 376, 487 P.2d 346 (1971); Aikins v. Andrews, 91 Nev. 746, 542 P.2d 734 (1975).

Here, the notice was signed by one of the co-owners, colessors on behalf of all co-owners, colessors. The record does not affirmatively show that Edwin J. Dotson, the signatory, was authorized to act for his colessors. Consequently, there is a defect in proof regarding jurisdiction, McNally v. Leach, 205 S.W. 82 (Mo.Ct.App. 1918), and the order for restitution must be set aside.[2]

Reversed.

---

[1]Case No. 8951 is an appeal from a second order of restitution entered in the same unlawful detainer action. A "supplemental complaint" was filed after appeal was taken from the first order of restitution, case No. 8484. The district court entertained the supplemental complaint, and once more ordered restitution. That court was without jurisdiction to act since the case was on appeal to this court. We, therefore, peremptorily annul the second order of restitution.

[2]Lessee has commenced an action against lessors for specific performance of the option to purchase contained in the lease. All issues concerning enforceability of that option, counterclaims for damages, etc., will there be decided, and we express no opinion, although the parties to this appeal alluded to some of the problems.