GIBBY'S, INC., APPELLANT, *v.* BRIAN AYLETT AND SYLVIA AYLETT, RESPONDENTS.

No. 11803

August 18, 1980                                              615 P.2d 949

[Rehearing denied October 17, 1980]

*Rose, Edwards, Hunt & Pearson,* Las Vegas, for Appellant.

*Jolley, Urga & Wirth,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Appellant (lessee), Gibby's, Inc., a Nevada corporation, and respondents, Brian and Sylvia Aylett (lessors), entered into a lease agreement on May 31, 1977. Respondents sent to Gibby's, Inc. a "Notice of Termination of Lease and to Quit Premises" on the grounds of nuisance and breach of lease covenants. Subsequently, respondents filed an action for unlawful detainer and an application for a writ of restitution.

The district court found no material breach of the covenants or conditions of the lease sufficient to work a forfeiture of the lease. Minor infractions were found, but were deemed insufficient to warrant granting unlawful detainer and restitution of the property under NRS 40.215 to 40.420, inclusive. However, the district court, performing its function as a court of equity, ordered appellant pay to respondents $3,200 as sanctions for the hardship caused by the minor infractions of the lease covenants. Respondents were also awarded attorney's fees in the amount of $1,200.

Appellant contends that the district judge did not have jurisdiction to impose sanctions in an unlawful detainer action. Respondents contend that we are without jurisdiction to review the trial court's judgment because NRS 40.380 requires an appeal from an unlawful detainer action be filed within 10 days of judgment.[1]

An untimely appeal from adverse judgment in an unlawful detainer action deprives this court of jurisdiction to review the judgment insofar as it denies or grants restitution of the property. Aikins v. Andrews, 91 Nev. 746, 542 P.2d 734 (1975). However, an appeal from a money judgment that is not incidental to an unlawful detainer may be taken within 30 days of notice of the entry of judgment because haste and summary action are not as important when possession is not involved. West v. Edwards, 62 Nev. 1, 139 P.2d 1022, on rehearing (1943) (judgment on cross-complaint in unlawful detainer action); NRAP 4(a).

This appeal challenges the propriety of sanctions awarded for minor breach of the lease covenants when no unlawful detainer is found. Because the money judgment is distinct from any finding of unlawful detainer, it is not governed by the limitations of the unlawful detainer statute. Appellant's notice of appeal was timely filed within 30 days, as required by NRAP 4(a); therefore, appellate review is not foreclosed.

We agree with appellant that the district judge exceeded the limited scope of an unlawful detainer action when he denied the unlawful detainer and yet awarded sanctions. Unlawful detainer is an action "designed to afford to a landlord a summary remedy for the recovery of demised premises. . . ." Yori v. Phenix, 38 Nev. 277, 281, 149 P. 180, 180 (1915). It is purely a statutory proceeding and remedy, unknown to the common

---

[1]NRS 40.380 Provisions governing appeals:

Either party may, within 10 days, appeal from the judgment rendered. But an appeal by the defendant shall not stay the execution of the judgment, unless, within the 10 days, he shall execute and file with the court or justice his undertaking to the plaintiff, with two or more sureties, in an amount to be fixed by the court or justice, but which shall not be less than twice the amount of the judgment and costs, to the effect that, if the judgment appealed from be affirmed or the appeal be dismissed, the appellant will pay the judgment and the cost of appeal, the value of the use and occupation of the property, and damages justly accruing to the plaintiff during the pendency of the appeal. Upon taking the appeal and filing the undertaking, all further proceedings in the case shall be stayed.

law. As such, the statute must be strictly construed and is presumably exclusive and complete as to the procedure to be followed pursuant to it. Farnow v. District Court, 64 Nev. 109, 121, 178 P.2d 371, 377 (1947).

NRS 40.360(1) authorizes a court to order restitution and forfeiture of the lease where judgment is rendered for the plaintiff. NRS 40.360(2) authorizes the assessment of damages caused by defendant's unlawful detainer.[2] The district court is without jurisdiction to award sanctions when unlawful detainer is denied. Gasser v. Jet Craft, Ltd., 87 Nev. 376, 380, 487 P.2d 346, 349 (1971). In cases such as this, where the breach is insufficient to constitute unlawful detainer, the appropriate remedy for breach of lease covenants is an ordinary civil action for damages. Nothing we have said herein prejudices the right of the Ayletts to pursue such other remedies.

The district court's judgment is reversed as to the award of sanctions and, also the award of attorney's fees to respondents must be reversed because respondents are not the "successful party". This case is remanded to the district court to consider awarding reasonable attorney's fees, if any, to appellant, Gibby's, Inc., pursuant to the lease agreement.[3]

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[2]NRS 40.360  Judgment; damages; execution and enforcement:

1.  Judgment.  If, upon the trial, the verdict of the jury, or, if the case be tried without a jury, the finding of the court, be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; and, if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenent of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement.

2.  Damages.  The jury or the court, if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, and any amount found due the plaintiff by reason of waste of the premises by the defendant during the tenancy, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent; and the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or unlawful detainer, for the rent and for three times the amount of the damages thus assessed.

[3]Paragraph XIV of the lease provides: "In any litigation between Lessor and Lessee to enforce any of the provisions hereunder, the unsuccessful party to such litigation, shall pay to the successful party reasonable attorney's fees incurred therein by such successful party."