**ANGEL SUAREZ, JR. and MARTA SUAREZ,**
**Plaintiffs-Appellees**

**v.**

**LEOLA CHRISTIAN, Defendant-Appellant**

Civil No. 80/302

District Court of the Virgin Islands

Div. of St. Croix

September 21, 1981

ALLAN A. CHRISTIAN, ESQ., Frederiksted, St. Croix, V.I., *for appellees*

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

This case is before the Court on appeal from the Territorial Court. Defendant-appellant Leola Christian ("appellant") claims that the Territorial Court was in error in refusing to set aside a default judgment entered against her in Civil No. 828/1980 [in the Territorial Court]. For the reasons set forth below the ruling of the Territorial Court is reversed in part.

Leola Christian was a tenant of Angel and Marta Suarez ("appellees"). She did not pay her rent for several months. On August 4, 1980, an action for forcible entry, detainer and debt was filed against Ms. Christian by the appellees in Territorial Court. Appellant was served on August 20, 1980, with an Eviction Summons containing a notice to appear at a hearing on September 5, 1980.

Appellant consulted attorney Mark Milligan regarding this matter late in the afternoon of August 28, 1980. That same afternoon at about 5 p.m. Attorney Milligan spoke by telephone with the counsel for the appellees, Allan A. Christian, Esq. There is a controversy as to what was discussed in this conversation. Attorney Milligan had made plans to leave St. Croix the next day for a judicial conference in Wilmington, Delaware. He states that it was orally agreed that provided appellant vacated the premises in question, appellees'

582

counsel would continue the remaining issues until a date convenient to both parties. Attorney Christian in a hearing on October 30, 1980, on defendant-appellant's motion to set aside the default judgment would not concede that this conversation was as attorney Milligan had presented in his affidavit. He presented no counter-affidavit to Milligan's affidavit. The statement of the case in appellees' brief notes:

> Attorney Mark Milligan spoke with me about the pending case. However, *NO* stipulation was entered into to continue the case.

While this Court acknowledges that the statement of the case in an appellate brief is not ordinarily an appropriate forum for testimony, the Court takes the above passage as an indication of attorney Christian's position.

After the August 28, 1980, conversation between attorneys, appellant vacated the premises and returned the key to appellees on August 31, 1980. On September 5, 1980, the hearing was held and a default judgment for possession of the premises and $1,250 was obtained in favor of appellees and against appellant, who did not appear. Appellant received a writ of execution pursuant to this judgment on or about October 10, 1980, and notified her attorney, who promptly sought relief pursuant to Rule 60 Fed. R. Civ. P. Relief from judgment was denied by the trial court and this appeal ensued.

Simply put, appellant seeks relief claiming that her attorney was betrayed by the false assurances of opposing counsel. This Court need not delve into the question of whether an oral agreement was made between counsel. The nature of the oral agreement alleged is that appellees would continue their action. However, the date for hearing was already set. It is not the practice of the Virgin Islands courts automatically to continue scheduled actions upon the parties' agreement, oral or written. The purported oral agreement between counsel did not leave appellant's counsel free to ignore the hearing date, even if he could be assured that opposing counsel would argue for continuance.

■■ Appellant's motion to set aside the default judgment was grounded on Fed. R. Civ. P. Rule 60(b)(3): "fraud, misrepresentation, or other misconduct of an adverse party." The Territorial Court refused to consider that claim, based as it was on an oral agreement. The court stated:

> We have a fairly well established rule in this Court that we will not take statements of counsel relative to breach of a verbal

583

agreement between counsel in the nature of a stipulation. Transcript of October 30, 1980 hearing at 2.

This Court is unaware of any formal rule supporting the trial court's position of refusing to consider the affidavit of appellant's attorney. Surely the court need not have found this affidavit to be proof of fraud. However, there is no basis for simply refusing to consider it. However, reversal is not required on this point; this Court finds the failure to consider the affidavit to be "harmless error" under the definition of Fed. R. Civ. P. Rule 61. Even had the trial court reviewed the affidavit, found "fraud" on the part of opposing counsel, and found that opposing counsel came under the rubric of "adverse party" in Fed. R. Civ. P. Rule 60(b)(3), setting aside of the default judgment would not be warranted. As noted above, the affidavit of appellant's counsel does not allege any deception that should have led him or his client to fail to appear at the September 5, 1980, hearing. Thus, the default judgment is unconnected to any alleged misconduct on the part of appellees' attorney.

Appellant's brief points to the case of Medunic v. Lederer, 533 F.2d 891 (3d Cir. 1976) for the proposition that it was error for the trial court to fail to consider whether setting aside of the default judgment would prejudice appellees, or whether appellant had a meritorious defense to the original claim. In Medunic the Third Circuit Court of Appeals held that the district court abused its discretion in denying a defendant's motion to set aside a default judgment where the defendant's insurance company was guilty of gross and inexcusable neglect, without considering the questions of prejudice to the plaintiffs and the existence of a meritorious defense. The Court wrote:

> We have specifically held that a district court cannot rest its denial of a motion to set aside a default judgment on the defendant's negligent failure to timely plead to a complaint, without determining whether prejudice would accrue to the plaintiff if the motion were granted, and whether a meritorious defense has been presented in support of the set aside motion. In doing so, we noted that a standard of "liberality," rather than "strictness" should be applied in acting on a motion to set aside a default judgment, and that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245–46 (3d Cir. 1951). 533 F.2d at 893–94.

One ground for setting aside a judgment, Fed. R. Civ. P. Rule 60(b)(1), is "mistake, inadvertence, surprise, or excusable neglect." The Third Circuit here appears to have included in the concept of "excusable neglect" the elements of prejudice to plaintiff and meritorious defense. It is clear that had this ground been advanced in the Territorial Court as a basis for relief from the default judgment it would have been incumbent upon the trial judge to consider these elements. However, appellant never advanced that argument; fraud was the sole ground claimed for setting aside the judgment. The court's refusal to find fraud in this situation ended the inquiry—in contrast to the concept of "excusable" neglect, it would be inappropriate to find the elements of prejudice to plaintiff and meritorious defense inherent in the determination of fraud.

■ Thus, while the court must treat a motion to set aside a default judgment under a standard of liberality, a court cannot be expected to address possible arguments which are not presented to it. Appellant sought to have the default judgment set aside on the basis of fraud—this Court finds no error in the trial judge's refusal to find fraud here.

However, appellant does advance another ground for reversal in her brief:

> Secondly, it must be noted that Appellant was deprived of her right to answer the cause of action, particularly as to debt, within twenty (20) days as the law required. SEE: Rule 12, Federal Rules of Civil Procedure. There is absolutely no justification for shortening the allowable period simply because the matter is an integral part of an action for forcible entry and detainer. This practice must stop. Here the record reflect (sic) that Appellant was served on August 20, 1980 (App. p. 3), however, judgment on the debt was obtained sixteen (16) days thereafter. Failure to permit Appellant the allowable twenty (20) days is sufficient to require that this matter be reversed.

Appellant's conclusory statement that there is "absolutely no justification" for shortening the time period allowed for answer in a forcible entry and detainer action is stated with conviction. Some explanation of or justification for this position would be helpful. As it is, the above paragraph is the full argument on this point by appellant, and appellees do not address the issue.

■ The question of the permissible parameters of a forcible entry and detainer action is a serious issue in light of the summary

585

nature of the proceeding. In Lindsey v. Normet, 405 U.S. 56 (1972) the United States Supreme Court gave a brief review of the history leading to the enactment of forcible entry and detainer statutes. At common law, a landlord was permitted to use self-help in expelling his tenant. The implementation of this right has been fraught with "violence and quarrels and bloodshed." Entelman v. Hagood, 95 Ga. 390, 392, 22 S.E. 545 (1895) (cited in Lindsey, 405 U.S. at 71). Forcible entry and detainer statutes were designed to eliminate the remedy of self-help for landlords, while at the same time providing a speedy legal remedy of repossession for the landlord. Velasquez v. Thompson, 451 F.2d 202, 204 (2d Cir. 1971). Such statutes now exist in many jurisdictions, with the particulars of each statute varying from state to state.

■ It is generally agreed that since these statutes are summary in nature and in derogation of the common law they must be strictly followed and narrowly construed. Jo-Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 598, 96 A.2d 217 (1953); Windsor Properties, Inc. v. The Great Atlantic and Pacific Tea Company, Inc., 35 Conn. Sup. 297, 408 A.2d 936 (1979); Gibby's, Inc. v. Aylett, 615 P.2d 949 (1980); Parkway, Inc. v. Curry, 62 N.J. Super. 410, 392 A.2d 1260 (1978); Castle Park No. 5 v. Katherine, 91 Cal. App. 3d Supp. 6, 154 Cal. Rptr. 498 (1979). Our interpretation of the Virgin Islands forcible entry and detainer ("FED") statute, 28 V.I.C. §§ 781–794, will follow this rule.

The Virgin Islands statute prohibits forcible entry (i.e. self-help by a landlord), (28 V.I.C. § 781), making clear its role as a substitute remedy. A complaint is sufficient in a forcible entry and detainer action if it describes the premises, notes that defendant in possession entered, or unlawfully holds, the premises with force, and states that plaintiff is entitled to possession. 28 V.I.C. § 783. The summons served on the defendant requires him to appear at a hearing within 3 days to show cause why a judgment of dispossession should not be entered against him. 28 V.I.C. § 785. A continuance may be granted for longer than 2 days only if defendant gives an undertaking to the adverse party conditioned for the payment of rent and costs. 28 V.I.C. § 786. A form of execution is presented in § 787 prefaced by the words: "the execution, should judgment of restitution be entered, may be in the following form . . . ."

In the instant case, the complaint was filed on August 15, 1980. Ms. Leola Christian was served on August 20, 1980. The trial was scheduled for September 5, 1980. These time-spans were longer

than those provided for in the FED statute, but the time between receipt of the summons and trial was shorter than in the usual civil action, where the defendant has 20 days after receipt of summons to answer. The complaint termed this action as one for forcible entry, detainer and debt. The issue before this Court is whether the action for debt (i.e. for rent due) can be joined with the forcible entry and detainer action for possession.

In favor of joinder is the value of efficiency. When an FED action is based on failure to pay rent, it seems a waste of judicial resources for the Court to order repossession on a finding that rent is due, and yet to refrain from entering judgment as to the amount of rent due.

The opposing viewpoint is presented in Tutt v. Doby, 459 F.2d 1195 (D.C. Cir. 1972) at 1198:

> The summary procedure is provided by the legislature to provide Court relief to the landlord, otherwise trapped by the "relatively slow, fairly complex and substantially expensive procedure" of the common law possessory action of ejectment; to avoid resort to self-help and force, condoned at common law as justified; and to permit an expeditious judicial determination of what remains a possessory action.

> While there is no summary action for money due, the provision of a summary proceeding for the possessory action harmonizes considerations of fairness with the felt need for expedition in settling possessory rights. On the one hand, there is need for dispatch in determining the right of the businessman to occupancy of rented premises. On the other hand, tenants may be relatively unconcerned with the matter of possession—they may indeed be ready to quit the premises of the landlord with whom they have had bitter disputes—but may be far from acquiescent on the matter of whether, and how much, money is owed.

> The summary action determines who is entitled to possession. In order to find that the landlord is entitled to possession for non-payment of rent, the court must find that tenant owes landlord some rent. But the court has only a collateral or incidental interest in any consideration of how much rent is due.

While it is not advisable to base the rationale for the summary proceeding on tenant's relative unconcern with the matter of possession—there could be situations where possession was far more important than the rent due—it does appear true that the balancing of interests which led to the creation of a summary proceeding for possession does not apply to an action for rent. Without a reason for

summary action concerning a claim, the just procedure (although it may not be speedy or inexpensive) would be to have that claim tried according to the usual procedure for civil actions.

In several states (e.g. New York, West Virginia, Arizona, Texas, California) the judgment in an FED (i.e. forcible entry and detainer) action may include an award of rent due. Yet even where claims for rent are allowed by statute, the courts strictly construe the confines of the statute. In Castle Park No. 5 v. Katherine, supra, the court denied recovery of rent due where the FED action was based on a 30-day notice terminating a month-to-month tenancy rather than a 3-day notice to pay rent or quit. Damages recoverable in that action were controlled by California Code of Civil Procedure Section 1174, subdivision (b), which provides in part:

> The jury or the court, if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent.

The court construed this section narrowly:

> Unlike an action based on a 3-day notice to pay rent or quit, where proof of nonpayment of rent is necessary to establish plaintiff's right to possession, evidence respecting payment of rent is not relevant to the right to possession in an action based on a 30-day notice terminating a month-to-month tenancy. Allowing recovery of pretermination rents in the latter type of proceeding would enlarge the issues, contrary to the principles of Green v. Superior Court, 10 Cal. 3d 616, 111 Cal. Rptr. 704, 517 P.2d 1168. 154 Cal. Rptr. at 501–02.

Similarly, damages allowed under the Nevada FED statute have been strictly limited. In Gibby's, Inc. v. Aylett, supra, the court found that money damages awarded to lessors for infractions of the lease were improper in an FED action where no unlawful detainer was found. The Court wrote:

> We agree with appellant that the district judge exceeded the limited scope of an unlawful detainer action when he denied the unlawful detainer and yet awarded sanctions. Unlawful detainer is an action "designed to afford to a landlord a summary remedy for the recovery of demised premises . . . ." Yori v. Phenix, 38 Nev. 277, 281, 149 P. 180, 181 (1915). It is purely a statutory

proceeding and remedy, unknown to the common law. As such the statute must be strictly construed as to the procedure to be followed pursuant to it. Farnow v. District Court, 64 Nev. 109, 121, 178 P.2d 371, 377 (1947).

NRS 40.360(1) authorizes a court to order restitution and forfeiture of the lease where judgment is rendered for the plaintiff. NRS 40.360(2) authorizes the assessment of damages caused by defendant's unlawful detainer. The district court is without jurisdiction to award sanctions when unlawful detainer is denied. Gasser v. Jet Craft, Ltd., 87 Nev. 376, 380, 487 P.2d 346, 349 (1971). In cases such as this, where the breach is insufficient to constitute unlawful detainer, the appropriate remedy for breach of lease covenants is an ordinary civil action for damages. 615 P.2d at 951.

█ Both the California and Nevada statutes clearly state that rent due is among the damage remedies allowable in an FED action. The Virgin Islands statute has no such provision, and there is no mention in the statute whether rent due is or is not an appropriate remedy. The statute does note at 28 V.I.C. § 786:

No continuance shall be granted for a longer period than two days, unless the defendant applying therefor gives an undertaking to the adverse party, with good and sufficient security, to be approved by the court, conditioned for the payment of the rent that may accrue if the judgment be rendered against the defendant, and all costs.

However, this section only addresses rent that will accrue from the time of the requested continuance. The lack of reference to any other provision for recovery of rent means that recovery of past rent due is not allowable in an FED action in the Virgin Islands. The strict construction that is compelled by the summary nature of FED proceedings mandates against allowing damages for rent due absent some statutory provision expressly allowing it. See 36A C.J.S. Forcible Entry and Detainer §§ 58, 72 (1961).

In New Jersey, Connecticut and Oregon a judgment of restitution (i.e. possession) is the sole remedy in an FED case. See Ortiz v. Engelbrecht, 61 F.R.D. 381 (D.N.J. 1973), Urban v. Prims, 35 Conn. Sup. 233, 406 A.2d 11 (1979), Grove v. Hindquarter Corp., 45 Or. App. 781, 609 P.2d 840 (1980). While comparisons with other jurisdictions can be misleading because of variations among the FED statutes, the interpretation given statutes similar to the Virgin Islands statute may be helpful. The Oregon FED statute is similar

in many respects of the Virgin Islands statute, with some sections mirrored word for word. See Lindsey v. Normet, 405 U.S. at 59 f.3. Ore. Rev. Stat. (ORS) § 105.155 begins:

> Form of execution. The execution should judgment of restitution be entered, may be in the following form . . . ."

The form notes that plaintiff has restitution of the premises and recovers costs.

Despite the permissive "may" in its introduction, this form has been construed as signifying that the only award a plaintiff can recover in a FED action in Oregon is restitution of possession, plus costs. Lindsey v. Normet, 405 U.S. at 63; Grove v. Hindquarter Corp., 609 P.2d at 843.

The introduction to the Virgin Islands FED form of execution is identical to the Oregon section, and the execution form is similar. While the Oregon interpretation of this section is not controlling on this Court, it is another indicator that damages for past rent due are not envisioned in the Virgin Islands FED statute.

This decision does not mean that a plaintiff in the Virgin Islands can never join an action for recovery of possession and an action for rent. Such issues should be joined—when an ordinary civil action is the procedure utilized. Where a plaintiff would avail himself of the special remedy of the forcible entry and detainer proceeding, though, he must forego recovery of rent.

This result is not a victory for pure formalism. The FED statute represents a legislative decision that in the question of possession the need for a speedy determination outweighs the value of an extended period of time to develop the issues. On the issue of recovery of rent, no such legislative determination has been made.

Just as plaintiff is barred from introducing extraneous issues in the summary proceeding of an FED action, so defendant cannot interpose counterclaims or cross-complaints not relevant to the right of immediate possession. See Knowles v. Robinson 36 Cal. Rptr. 33, 387 P.2d 833 (1963); Bell v. Tsintolas Realty Company, 430 F.2d 474 (D.C. Cir. 1970); C. F. Seabrook Co. v. Beck, 174 N.J. Super. 577, 417 A.2d 89 (1980). Again, the value of the summary action would be destroyed were issues unrelated to possession allowed to slow the suit.

Insofar as this action in Territorial Court was an action for forcible entry and detainer, it appears that the issue was moot: Ms. Christian had returned the keys and vacated the premises before the hearing date. Only the question of rent due remained. As this ques-

tion was not an appropriate part of the forcible entry and detainer action, the judgment below is reversed as to the award of $1,250 to appellees. A separate action for recovery of rent may be maintained by the appellees should they so desire.

## JUDGMENT

This matter came before the Court on appeal from a Judgment of the Territorial Court of the Virgin Islands. The Court having heretofore entered its opinion on this appeal, and the said Court being fully satisfied in the premises,

IT IS ORDERED, ADJUDGED AND DECREED that the part of the Judgment of the Territorial Court of the Virgin Islands in this case awarding plaintiffs-appellees $1,250 plus interests and costs be, and hereby is, VACATED.