FILED

NOV 14 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. NV-15-1137-LDoKi |
| ) | |
| KATHLEEN LYNNE RAY, ) | Bk. No. 14-16060-mkn |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| KATHLEEN LYNNE RAY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[*] |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on October 21, 2016
at Las Vegas, Nevada

Filed - November 14, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Mike K. Nakagawa, Bankruptcy Judge, Presiding[**]
_____

Appearances:     Appellant Kathleen Lynne Ray argued pro se;
                 Gregory L. Wilde of Tiffany & Bosco PA argued for
                 Appellee Deutsche Bank National Trust Company.
                 _____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]   One of the matters on appeal was heard by the Honorable Gary Spraker, United States Bankruptcy Judge for the District of Alaska.  Both of the orders on appeal were entered by Judge Nakagawa.

Before: LAFFERTY, DORE,[***] and KIRSCHER, Bankruptcy Judges.

## INTRODUCTION

In 2010, Appellant's real property was sold at a foreclosure sale, and a Trustee's Deed Upon Sale was recorded in favor of Appellee. Nevertheless, Appellant continued to reside in the real property at all times relevant to this appeal.[1] Appellee has twice obtained writs of restitution for the real property but has been unable to execute on those writs due to three bankruptcy filings and at least three unsuccessful lawsuits filed by Appellant against Appellee in various courts, along with related appeals. In those lawsuits, Appellant asserted that she was the victim of a mortgage scam, that Appellee lacked standing, that the foreclosure sale was invalid, and that Appellee's former counsel had a conflict of interest because he was allegedly related to the perpetrator of the mortgage scam and had served as a "clerk" (extern) to another bankruptcy judge.

In the instant bankruptcy case, Appellee moved for relief from stay to proceed with its eviction action. Appellant did not file an opposition to the motion but requested additional time to file one. The bankruptcy court denied the request for an extension of time and granted Appellee's motion for relief from stay on grounds that the real property was not property of the

---

[***] Hon. Timothy W. Dore, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

[1] After this appeal was filed, Appellant was evicted from the real property, but according to Appellee, she broke into the real property and removed personal belongings. Appellee agreed to allow Appellant limited access. At oral argument, Appellant indicated she was still residing in the property.

-2-

estate. Appellant moved for reconsideration, which the bankruptcy court denied.

Because the bankruptcy court did not abuse its discretion in denying Appellant's motion for an extension of time to file an opposition, granting relief from stay, or denying reconsideration, we AFFIRM.[2]

## FACTUAL BACKGROUND

Appellant Kathleen Ray was the obligor on a promissory note dated May 6, 2005 in favor of First Franklin, a division of National City Bank of Indiana, in the principal amount of $448,000. The note was secured by a deed of trust against Ray's real property in Las Vegas, Nevada (the "Property"). Appellee Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through Certificates, Series 2005-FF8 ("Deutsche Bank") was the assignee of the beneficial interests under the note and deed of trust.[3]

---

[2] On May 11, 2016, Appellant filed in this appeal a "Notice of Significant Changed Circumstances." In that document, Appellant asserted (1) that Appellee has no colorable claim of title to the real property; and (2) that the writs of restitution obtained by Appellee were void due to procedural irregularities that may have violated Appellant's rights. Appellant attached to this document a copy of the amended complaint in her adversary proceeding filed against Deutsche Bank and others on March 23, 2016, and an undated motion to dismiss the unlawful detainer actions, apparently intended to be filed with the Las Vegas Justice Court. Because none of the arguments or attached documents were before the bankruptcy court when it ruled on Appellant's motions, we do not consider them.

[3] Ray alleges that Deutsche Bank lacked standing because its claim to an interest in the Property arose "following a series of suspicious and unperfected transfers." However, as discussed below, Deutsche Bank's standing to seek relief from
(continued...)

-3-

Ray defaulted on payments due under the note in September 2008. In March 2009 Ray filed a chapter 7[4] petition in the U.S. Bankruptcy Court for the District of Nevada. Ray received a discharge in that case on July 28, 2009. The bankruptcy court granted Deutsche Bank relief from stay as to any interest retained by the chapter 7 trustee on March 16, 2010.

On June 25, 2010, the Property was sold at public sale, and Deutsche Bank recorded its Trustee's Deed Upon Sale on July 21, 2010. On February 10, 2011, Deutsche Bank commenced an unlawful detainer proceeding against Ray in Las Vegas Justice Court. Deutsche Bank obtained a judgment and a writ of restitution authorizing Ray's eviction.[5] Ray appealed, and the Nevada Supreme Court affirmed the trial court.

During the course of her first bankruptcy, and before she received her discharge, Ray sued Deutsche Bank and others in the Eighth Judicial District Court for Clark County, Nevada, asserting various claims including breach of contract, breach of fiduciary duty, fraud, and violations of TILA and RESPA. The

---

[3](...continued)
stay is established by the fact it now holds a Trustee's Deed Upon Sale evidencing its ownership interest in the Property.

[4] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[5] In Nevada, a judgment for possession in an unlawful detainer action is referred to as a writ of restitution of the premises. See NRS 40.360; see also Chapman v. Deutsche Bank National Trust Co., 302 P.3d 1103, 1107-08 (Nev. 2013); Gibby's Inc. v. Aylett, 615 P.2d 949, 950-51 and n.2 (Nev. 1980).

-4-

trial court dismissed the complaint in September 2009 and, on February 15, 2012, the Nevada Supreme Court issued an order affirming the dismissal.

Ray filed a chapter 13 petition on September 27, 2011. She converted the case to chapter 7 on October 19, 2011. Deutsche Bank was granted relief from stay on December 19, 2011. The chapter 7 trustee moved to dismiss the case on grounds that Ray was ineligible for a chapter 7 discharge due to her having received a discharge in a chapter 7 case filed less than eight years previously. The bankruptcy court granted that motion on July 30, 2012.

In December 2011 Ray moved to reopen her first chapter 7 case, purportedly to discharge debts to the IRS and to file an adversary complaint against Deutsche Bank. The motion was granted on April 23, 2012.

Meanwhile, on April 10, 2012, Ray sued Deutsche Bank in the U.S. District Court for the District of Nevada. Ray's complaint in that action raised a variety of legal theories and attempted to assert claims for equitable relief as well as claims for damages. The district court granted Deutsche Bank's motion to dismiss Ray's claims based on the claim preclusive effect of the state court rulings against her. Ray appealed the dismissal order; the Ninth Circuit Court of Appeals summarily affirmed.

On July 10, 2012, Ray filed an adversary complaint against Deutsche Bank in the reopened case. The bankruptcy court dismissed that complaint on grounds that the claims asserted were or could have been asserted in the district court proceeding that was then pending, and such claims were thus precluded.

On June 4, 2014, Deutsche Bank filed a second unlawful detainer complaint and was issued a temporary writ of restitution on August 27, 2014. On September 9, 2014, less than two weeks later, Ray filed the instant chapter 13 petition. She listed the Property on Schedule A with a value of $206,000. She did not list a secured claim against the real property but listed a "disputed" unsecured debt of $428,490.07 to Specialized Loan Servicing, which she described as "discharged mortgage on home."[6]

On February 5, 2015, Deutsche Bank moved for relief from the automatic stay (the "Stay Motion"), setting the matter for a hearing on March 11, 2015. Ray did not file an opposition within 14 days prior to the hearing as required under Rule 9014(d) of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada. On February 26 (the due date for any opposition), through counsel, Ray filed a motion for an extension of time to respond to the Stay Motion and to continue the hearing ("Motion to Extend"). Ray asserted, without providing any admissible evidence, that Deutsche Bank's then counsel, Raymond Jereza, had a conflict because he was related to Sonia Rodis, one of the convicted perpetrators of a mortgage fraud scheme of which Ray claimed to have been a victim. Ray also argued that her counsel and Deutsche Bank's counsel had been conferring about the fact that Ray was the victim of mortgage fraud and that there were questions about Deutsche Bank's interest in the Property. Ray asserted she needed more time to

---

[6] According to the bankruptcy court docket, Ray has not yet confirmed a chapter 13 plan.

continue due diligence and to make an offer to refinance the Property. On the hearing date, Ray filed a "Supplement" to the Motion to Extend, restating those points and indicating that she could not attend the hearing because she had to be with her ill mother in California, although her counsel did appear. Ray also asserted that she had a setoff claim against Deutsche Bank. The bankruptcy court did not rule on the Motion to Extend prior to the hearing.

The matter was heard by a visiting judge, the Honorable Gary Spraker. Ray's counsel appeared at the hearing and explained:

> That we're asking for this extension in good faith, to complete our due diligence, as well as our client not being here today. She's also the victim of a crime, which resulted in one of the perpetrators recently being sentenced to jail. They're not in the first position to lift the stay. An HOA currently has a super priority lien. The creditor may not even have a colorable claim to title due to a series of transactions which occurred subsequent to a purported change of title involving the Bank of New York Mellon and two subsidiaries of Bank of America. Three separate entities have claimed a colorable title after the super priority lien.

Judge Spraker denied the Motion to Extend and granted the Stay Motion, finding that the Property was not property of the estate and that sufficient cause existed to terminate the stay to proceed with eviction. The bankruptcy court declined to grant in rem relief under § 362(d)(4) because it determined there was not enough evidence to support a finding of intent to hinder, delay, defraud, or a scheme to defraud. The bankruptcy court also did not waive the 14-day stay period of Rule 4001(a)(3).[7] A

---

[7] Ray moved for a seven-day extension of this deadline, which the bankruptcy court denied, and Ray appealed. A motions
(continued...)

-7-

written order was entered on March 18, 2015.

On March 16, 2015, Ray filed a motion for reconsideration pursuant to Civil Rule 59, incorporated in bankruptcy via Rule 9023. On March 18, she filed an amended motion for reconsideration. In the motion, Ray argued that (1) the bankruptcy court abused its discretion in denying Ray's Motion to Extend; (2) the bankruptcy court erred in conducting the hearing because the homeowner's association, which had a "super priority" lien, had not been noticed;[8] and (3) the court should disqualify Deutsche Bank's counsel on the basis of "undisclosed conflicted familial relations." Ray did not offer any substantive reason why the bankruptcy court abused its discretion in granting the Stay Motion.

On April 7, 2015, the bankruptcy court entered an order denying the motion to reconsider without prejudice.[9] Noting that Deutsche Bank's counsel had been served at an incorrect address, the bankruptcy court's order explicitly permitted Ray to recalendar the motion. Ray did not do so; she filed the instant appeal instead.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334

---

[7](...continued)
panel dismissed that appeal as moot on June 18, 2015.

[8] In her opening brief, Ray states that the issue of service on the HOA was "rendered moot by the payment of the lien."

[9] The order also denied Ray's motion for declaratory relief regarding separate matters. That portion of the order is not part of this appeal.

and 28 U.S.C. § 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1.  Did the bankruptcy court abuse its discretion in denying Ray's Motion to Extend?

2.  Did the bankruptcy court abuse its discretion in granting the Stay Motion?

3.  Did the bankruptcy court abuse its discretion in denying Ray's motion for reconsideration?

**STANDARD OF REVIEW**

We review for abuse of discretion the bankruptcy court's denial of a motion for an extension of time to file an opposition, its order granting relief from stay, and its order denying reconsideration. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010); Leafty v. Aussie Sonoran Capital, LLC (In re Leafty), 479 B.R. 545, 550 (9th Cir. BAP 2012). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A. The bankruptcy court did not abuse its discretion in denying Ray's Motion to Extend.**

The bankruptcy court is authorized under Rule 9006(b) at any time, in its discretion, to extend filing deadlines "for cause shown." A bankruptcy court has substantial discretion to control its own calendar. Danjaq LLC v. Sony Corp., 263 F.3d 942, 960-61 (9th Cir. 2001). Four factors are relevant to whether the

-9-

bankruptcy court abused its discretion in denying a continuance: (1) the extent of Ray's diligence in her efforts to ready her defense prior to the date set for hearing; (2) the likelihood that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which Ray might have suffered harm as a result of the bankruptcy court's denial. Berry v. U.S. Tr. (In re Sustaita), 438 B.R. 198, 211 (9th Cir. BAP 2010), aff'd, 460 F. App'x 627 (9th Cir. 2011) (citing United States v. 2.61 Acres of Land More or Less, 791 F.2d 666, 670 (9th Cir. 1985)).[10]

On appeal, Ray argues that the Stay Motion was filed in bad faith while counsel were conferring on the issues, leaving her with an "unusually strained deadline" to respond and that a short continuance would not have prejudiced anyone. She argues that the bankruptcy court should have granted the continuance so she could complete her "due diligence" on the issues.[11]

---

[10] Ray recites the standard applicable to continuances under Civil Rule 6 that motions for continuance should normally be granted in the absence of bad faith or prejudice to the adverse party. However, this standard is not applicable to motions brought in bankruptcy under Rule 9006(b). Luxury Jewels, LLC v. Akers (In re Aroonsakool), 2014 WL 1273696, at *6 (9th Cir. BAP Mar. 28, 2014).

[11] Ray also argues that the bankruptcy court abused its discretion in denying the request so that Judge Nakagawa could hear the matter. However, this argument was not raised in connection with the original motion in the bankruptcy court. Thus, we do not consider it. See United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 213 (9th Cir. BAP 2006) (continued...)

The bankruptcy court did not make explicit findings as to the relevant factors, but we may affirm on any basis supported by the record, Caviata Attached Homes LLC v. U.S. Bank (In re Caviata Attached Homes, LLC), 481 B.R. 34, 44 (9th Cir. BAP 2012), and the record here supports the conclusion that denial of the Motion to Extend was not an abuse of discretion. Deutsche Bank demonstrated in its moving papers that Ray had no interest in the Property. As such, the reasons offered for requesting a continuance – that the parties were working out a resolution, that an HOA held a superior lien, that Deutsche Bank lacked colorable title, that Deutsche Bank's former counsel had a conflict, and that Ray could not attend the hearing – were irrelevant to the court's disposition of the Stay Motion. A continuance would not have changed the fact that Ray had no interest in the Property.

Analyzing the factors recited above: (1) as to Ray's diligence in preparing a defense, these parties have a lengthy history of litigation in which Ray has attempted to assert the same arguments offered here, which have been rejected by other courts; in other words, Ray has had many opportunities over many years to formulate a defense; (2) as to whether the need for a continuance would have been met, a continuance would not have changed the dispositive fact that Ray had no interest in the Property; (3) regarding prejudice to Deutsche Bank and the court,

[11](...continued)
(Absent exceptional circumstances, the panel generally will not consider arguments raised for the first time on appeal). In any event, Ray offers no reason to believe that Judge Nakagawa would have ruled differently.

-11-

a short continuance probably would not have substantially prejudiced either, but Deutsche Bank had spent much of the past seven years attempting to enforce its security interest in the Property, with its attendant costs, and some prejudice to Deutsche Bank may fairly be inferred; and (4) as to prejudice to Ray, she had no interest in the Property and no plausible defense to the Stay Motion, thus the denial of a continuance did not prejudice her.

The bankruptcy court did not abuse its discretion in denying the Motion to Extend.

**B.    The bankruptcy court did not abuse its discretion in granting relief from stay.**

Under § 362(d), the bankruptcy court "shall" grant relief from stay upon a showing of "cause."  If property is not property of the estate, that is cause for relief.  See Edwards v. Wells Fargo Bank (In re Edwards), 454 B.R. 100, 106 (9th Cir. BAP 2011).  Ray had no legal right to occupy the Property, as Deutsche Bank had obtained a temporary writ of restitution less than two weeks prior to Ray's most recent bankruptcy filing.  See Chapman v. Deutsche Bank National Trust Co., 302 P.3d 1103, 1107-08 (Nev. 2013) (purpose of unlawful detainer action is to restore possession to one from whom it is being unlawfully withheld; if court determines that occupant has no legal defense to unlawful detainer, it will issue a summary order for restitution of the premises); see also Eden Place, LLC v. Perl (In re Perl), 811 F.3d 1120, 1130 (9th Cir. 2016), cert. denied sub nom. Perl v. Eden Place, LLC, 84 USLW 3558 (U.S. Oct. 3, 2016) (under California law, an unlawful detainer judgment and

-12-

writ of possession bestow legal title and all rights of possession upon the plaintiff).

Relief from stay proceedings are primarily procedural. <u>Veal v. American Home Mortgage Serv., Inc. (In re Veal)</u>, 450 B.R. 897, 914 (9th Cir. BAP 2011). Hearings on such motions are handled in a summary fashion: the bankruptcy court need only determine "whether there are sufficient countervailing equities to release an individual creditor from the collective stay. . . . a creditor's claim or security is not finally determined in the relief from stay proceeding." <u>Id.</u> (citing <u>Johnson v. Righetti (In re Johnson)</u>, 756 F.2d 738, 740-41 (9th Cir. 1985)).

On appeal, Ray does not address the standard to be applied in ruling on a motion for relief from stay or the fact that she no longer has any rights in the Property. We find no abuse of discretion in the bankruptcy court's rulings. To establish its standing to move for relief from stay, Deutsche Bank needed to show only that it had a colorable claim to enforce its rights against the Property. <u>In re Edwards</u>, 454 B.R. at 104-05 (citing <u>In re Veal</u>, 450 B.R. at 914) (additional citations omitted).

<u>In re Edwards</u> involved facts nearly identical to those presented here. The creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), moved for relief from stay to continue an eviction. Prepetition, Wells Fargo had obtained title to the subject real property pursuant to a trustee's deed upon sale and had obtained a writ of possession in an unlawful detainer proceeding in a California court. The debtor challenged Wells Fargo's standing and alleged that Wells Fargo had unlawfully foreclosed and attempted to evict the debtor. The bankruptcy court rejected

-13-

these arguments and granted relief from stay. The debtor appealed, and we affirmed. The Panel held that Wells Fargo was the "presumptive current record owner" pursuant to the trustee's deed upon sale, and that Wells Fargo had acquired additional rights and remedies when it obtained the unlawful detainer judgment and writ of possession. 454 B.R. at 105-06. The Panel thus held that Wells Fargo had established a colorable claim to an ownership interest in the real property sufficient to establish standing as a real party in interest. Id. at 105-06.

Here, Deutsche Bank obtained title to the Property under the Trustee's Deed Upon Sale in 2010 and obtained a writ of restitution in state court. Thus, Deutsche Bank is the presumptive current owner of the Property and obtained a right to possession in state court before Ray filed the instant bankruptcy case. As such, Deutsche Bank had a colorable claim to the Property. As to the merits, Deutsche Bank established "cause" for relief by showing that neither the estate nor Ray had any interest in the Property.

At the hearing on the Stay Motion, Ray's counsel did not elaborate on how any purported mortgage fraud or relationship between the convicted fraud perpetrator and Deutsche Bank's counsel impacted the issues relevant to whether the stay should be lifted. Similarly, the HOA's senior lien had no bearing on whether the court should lift the stay to permit Deutsche Bank to proceed with eviction.

Deutsche Bank argues that in rem stay relief was warranted under § 362(d)(4), but Deutsche Bank did not cross-appeal the bankruptcy court's order. In any event, the bankruptcy court

-14-

correctly denied in rem relief under that section, because, as the owner of the Property, Deutsche Bank is no longer a creditor whose claim is secured by an interest in the Property under § 362(d)(4).  See Ellis v. Yu (In re Ellis), 523 B.R. 673, 678-79 (9th Cir. BAP 2014).

**C.   The bankruptcy court did not abuse its discretion in denying Ray's motion for reconsideration.**

Civil Rule 59(e) allows for reconsideration if the bankruptcy court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual circumstances warranting reconsideration." Sch. Dist. No. 1J v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

In her motion for reconsideration, Ray presented no argument that was not or could not have been made in connection with the Stay Motion.  She presented no newly discovered evidence, error, or intervening change in controlling law.  As noted, she argued that the bankruptcy court abused its discretion in denying an extension of time to respond and in granting stay relief when the HOA had not been noticed.  Ray also argued that the bankruptcy court should disqualify Deutsche Bank's counsel on the basis of his alleged conflict.  As discussed above, the bankruptcy court did not abuse its discretion in ruling immediately on the Stay Motion, and the remaining arguments have no bearing on the propriety of that decision.  In short, Ray did not establish any grounds for reconsideration.

-15-

On appeal, Ray argues that the bankruptcy court should not have denied the motion because Deutsche Bank's counsel would have been served electronically and notice was served on the addresses listed for counsel by the State Bar of Nevada and Clark County Business License Dept. Ray also points out that the motion for reconsideration was unopposed. These arguments are beside the point: the bankruptcy court denied the motion without prejudice to Ray's re-calendaring of the motion upon proper notice, but Ray chose not to do so.[12]

**CONCLUSION**

For the foregoing reasons, the bankruptcy court did not abuse its discretion in denying Ray's Motion to Extend, granting relief from the automatic stay, or denying Ray's motion for reconsideration. Accordingly, we AFFIRM.

---

[12] In her brief on appeal, Ray argued that her bankruptcy case should have been transferred to another court due to the appearance of impropriety resulting from Deutsche Bank's former counsel's involvement in the case. At oral argument, Ray indicated she was withdrawing this request. In any event, no such relief was requested in the bankruptcy court. Thus we would not have considered this argument. See In re Wylie, 349 B.R. at 213.

-16-