**JEFFREY B. C. MOORHEAD, Plaintiff**

v.

**ALEXANDER FARRELLY, et al., Defendants**

Civil Action 89/360

District Court of the Virgin Islands

Appellate Division

December 28, 1989

*Appearances:*

JEFFREY MOORHEAD, ESQ. (HODGE & SHEEN), St. Croix, V.I., *plaintiff, pro se*

GODFREY DECASTRO, Attorney General of the Virgin Islands, St. Thomas, V.I., *for defendants*

BROTMAN, *Chief Judge, District Court of the Virgin Islands, Sitting by Designation*

## OPINION

On Friday December 22, 1989, this court entered an oral order temporarily staying a temporary restraining order entered by the Territorial Court pending an appeal to a panel of the District Court of the Virgin Islands. Presently before the court is plaintiff's motion to vacate the oral order of this court. Also before the court is plaintiff's application to dismiss the appeal for failure to comply with the requirements of Fed. R. App. P. 8(a), as well as an application for the disqualification of this court. For the following reasons, the court will decline to disqualify itself in the instant matter, refuse to dismiss the appeal, and will continue the stay.

## FACTS AND PROCEDURE

Hurricane Hugo reached the Virgin Islands on the evening of September 16–17, 1989, and caused widespread devastation and destruction. In addition to severe property damage, Hugo brought about a total debilitation of communication and power on the island of St. Croix. During the storm, the majority of the island's prison population escaped from custody. In the storm's aftermath, reports of widespread looting and violence were prevalent. The destruction

caused serious difficulties in communication, because of the lack of electricity, and travel.

On September 19, 1989, Governor Alexander Farrelly proclaimed a state of emergency in the Virgin Islands. The Governor also issued an executive order on September 23, 1989 instituting a nocturnal curfew on St. Thomas, St. John, and St. Croix, to protect public safety and welfare. Plaintiff was stopped on September 23, 1989 by FBI agents and federal marshals who informed plaintiff that he was in violation of the St. Croix curfew. Plaintiff was traveling to clients to conduct their affairs, and to his grandmother's home to talk and pray with her.

On October 4, 1989, plaintiff filed a complaint in the District Court of the Virgin Islands seeking a declaratory judgment that Governor Farrelly's executive order imposing a curfew between the hours of 6 p.m. and 6 a.m. on the Virgin Islands was unconstitutional. At the time the complaint was filed, the curfew on St. Thomas and St. John had been modified to the hours between 8 p.m. and 6 a.m.; the curfew on St. Croix remained at 6 p.m. to 6 a.m. Plaintiff alleged that enforcement of the curfew was illegal because the executive order was unconstitutionally vague and overbroad in violation of the due process clause of the fourteenth amendment. Plaintiff further claimed that the executive order violated his right of freedom of association, freedom of religion under the first and fourteenth amendments, freedom of speech, the due process clause of the fourteenth amendment, and his right to interstate travel as guaranteed by the commerce clause of article 1, section 8, and the Virgin Islands Revised Organic Act of 1954.

This court, in its capacity as a district judge of the Virgin Islands sitting by designation, denied plaintiff's motion for a temporary restraining order on October 5, 1989. On October 11, 1989, the district court dismissed the complaint with prejudice. Moorhead v. Farrelly (Moorhead I), 24 V.I. 318, 723 F. Supp. 1109 (D.V.I. 1989). The court found that plaintiff was unable to show either that the statute authorizing the imposition of a curfew was unconstitutional, that the Governor had acted beyond the scope of his authority under the statute in imposing the curfew, or that the statute was unconstitutional as applied. No appeal was taken from the order dismissing the complaint.

On December 18, 1989, plaintiff filed a second suit in the Territorial Court. The second suit sought identical relief to that sought in the first suit: a temporary restraining order prohibiting

the defendants from implementing the nocturnal curfew. There were only minor differences distinguishing the two lawsuits. Harry Brandon, the Special Agent of the Federal Bureau of Investigation in charge of the Virgin Islands, was not named as a defendant in the second lawsuit. Another change was that the second suit was commenced in the Territorial Court rather than in the District Court. The final difference was the lawsuit was commenced at a time when some progress had been made toward restoring conditions on St. Croix to their normal state.

The Territorial Court found that plaintiff was not collaterally estopped from maintaining the second suit because it found that the controlling facts had changed:

> The court will take judicial notice that electricity and telephone service have been restored to a substantial portion of the island and it has not been successfully disputed that utility workers are no longer working twenty-four hours a day. Armed military police augmenting the local police force have left these shores.

Moorhead v. Farrelly (Moorhead II), Civ. No. 1989/887 (Territ. Ct. V.I. 1989) slip op. at 4. In the course of its opinion, the Territorial Court further noted that the Governor had further modified the curfew as of December 18, 1989, so that it only applied to the hours between 2:00 a.m. and 6:00 a.m.

The Territorial Court concluded that the Governor had the constitutional and statutory authority to declare a state of emergency, and therefore found it necessary only to address plaintiff's contention that the curfew was no longer justified under the circumstances, and was therefore unconstitutional as applied. On December 22, 1989, the Territorial Court held that the conditions on St. Croix no longer justified the imposition of a curfew, and entered a temporary restraining order prohibiting defendants from implementing the curfew. That same day, the Attorney General contacted this court to seek an order invalidating the temporary restraining order entered by the Territorial Court.

The Honorable David V. O'Brien, the Chief Judge of the District Court of the Virgin Islands, had passed away Friday morning, December 22, 1989. At that time the Third Circuit had not designated an acting Judge to fill the vacancy, and defendants did not expressly invoke Section 22 of the Revised Organic Act of 1954.[1]

---

[1] Section 22 of the Revised Organic Act of 1954, ch. 558, 68 Stat. 497 (1954), provides that "[w]hen it is the interest of justice to do so the district court may on motion

This court therefore declined to enter any order, and instructed the Attorney General to attempt to obtain a stay from the Territorial Court and to inform the Territorial Court judge of the difficulties in seeking immediate appellate review in light of the circumstances surrounding not only the holiday weekend, but more importantly the unexpected death of Chief Judge O'Brien.

This court then contacted Chief Judge John Gibbons of the United States Court of Appeals for the Third Circuit, the judicial officer responsible for overseeing the District of the Virgin Islands under Section 24(a) of The Revised Organic Act of 1954, 48 U.S.C. § 1614, to relay to him these developments. At about 7:00 p.m. on Friday, December 22, 1989, I was designated Chief Judge of the District Court of the Virgin Islands for the purposes of complying with 48 U.S.C. § 1613a(b) during the period of December 22, 1989 to January 8, 1990.

That same evening, at approximately 8:40 p.m., the Attorney General of the Virgin Islands again communicated with me. The Attorney General stated that he had been unable to contact either the Territorial Court Judge who had issued the temporary restraining order or the Chief Judge of the Territorial Court. The Attorney General also related his unsuccessful attempts to contact plaintiff. At about 8:44 p.m., Virgin Islands time;[2] in my capacity as the Chief Judge of the District Court of the Virgin Islands, I granted the Attorney General's application for a stay pending appeal. The court further directed the Attorney General to file a notice of appeal on Saturday morning with the Clerk's office, and to serve the papers on plaintiff as soon as possible. The oral order also provided for a telephone conference call with all counsel to hear arguments on the stay and to establish a briefing schedule for an expedited appeal.

The telephone conference occurred on Wednesday, December 27, 1989, at 1:30 p.m. During this conference call, plaintiff sought to lift the stay. He argued that the Attorney General had failed to comply with the requirements of Fed. R. App. P. 8 in that defendants had made no efforts to seek a stay in the first instance from the judge of the Territorial Court who had issued the

---

of any party transfer to the district court any action brought in an inferior court and the district court shall have jurisdiction to hear and determine such action or proceeding."

[2] There is currently a one hour difference in the time in the Virgin Islands and the time in New Jersey, where this court normally sits.

injunction. Plaintiff offered to submit an affidavit from that judge stating that she was available on the Friday when the temporary restraining order was entered. The court has now received that affidavit. Plaintiff further argued that the Assistant Attorney General who represented defendants in the Territorial Court was present when the temporary restraining order was issued and failed to seek a stay pending appeal.

The court will not address the temporary stay until the date of the conference call, as once the terms of the equitable relief embodied in the oral stay were "fully and irrevocably carried out," that issue became moot. University of Texas v. Camenisch, 451 U.S. 390, 398 (1981).[3] The court will address in this opinion only whether the stay should be continued or vacated, as well as plaintiff's attack on this court's exercise of appellate jurisdiction.[4]

## DISCUSSION

### I. *Appellate Jurisdiction*

The court must, as a threshold to reaching the merits of the contentions as to the continuance vel non of the stay of the temporary restraining order, determine whether defendants-appellants have complied with the requirements of Fed. R. App. P. 8, and if not, whether a failure to do so deprives this court of jurisdiction over the appeal.

Section 23A(a) of the Revised Organic Act of 1954, 48 U.S.C. § 1613(a), provides that "the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter

---

[3] The court notes, for the record, only that it was presented with an emergent request for immediate relief. The Attorney General relied substantially on the same facts and arguments as in the conference call hearing. The court believes that the circumstances justified the entry of the temporary stay.

[4] The court also notes that plaintiff sought my disqualification because of the ex parte communication with the Attorney General. The court denied this application during the conference call because the communication was appropriate under the circumstances. The court also acknowledges plaintiff's request that I not sit on the appellate panel to hear this case because of the court's determination in the earlier litigation. The extent of that prior involvement is fully detailed herein. The court need not reach this issue, however, in view of its anticipated designation of Honorable Raymond J. Broderick, who will be sitting temporarily in St. Croix, and Honorable Mark A. Constantino, who will be sitting in St. Thomas, together with a judge of the Territorial Court, to comprise the appellate panel. The court finally notes that January 9, 1990, is the earliest possible date on which the appeal can be heard.

prescribed by local law ...." Section 23(b) of the Revised Organic Act further states that:

> Appeals to the District Court of the Virgin Islands shall be heard and determined by an appellate division of the court consisting of three judges, of whom two shall constitute a quorum. The chief judge of the district court shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges who are serving on, or are assigned to, the district court from time to time pursuant to section 24(a) of this Act: Provided, That no more than one of them may be a judge of a court established by local law. The concurrence of two judges shall be necessary to any decision by the appellate division on the merits of an appeal, *but the presiding judge alone may make appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits* ... (emphasis added).

Under this section, as the designated Chief Judge of the District Court of the Virgin Islands, this court has the jurisdiction to hear a motion for a stay pending appeal, for such a motion does not affect the merits of the appeal.

██ The underlying order granting the temporary restraining order is an interlocutory order that is immediately appealable. See 28 U.S.C. § 1292(a)(1). Accord Cohen v. Board of Trustees of the University of Medicine and Dentistry of New Jersey, 867 F.2d 1455, 1465 & n.9 (3d Cir. 1989). Therefore, the District Court of the Virgin Islands may exercise appellate jurisdiction over the merits of the appeal.

The parties agree that the Federal Rules of Appellate Procedure govern the District Court of the Virgin Islands when it sits in its appellate capacity. The parties strongly disagree, however, as to whether appellants complied with the requirement of Fed. R. App. P. 8(a), which states:

> Application for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or a judge

thereof, but the motion shall show that application to the district court is not practicable, or that the district court has denied the application or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant. Reasonable notice of the motion shall be given to all parties. The motion shall be filed with the clerk and normally will be considered only by the panel or division of the court, but in exceptional circumstances where such procedure would be impracticable due to the requirements of time, the application may be made to and considered by a single judge of the court.

As applied in the context of an appeal from the Territorial Court to the District Court, the language of this rule must be read so that the Territorial Court is substituted for the district court, and likewise, the Appellate Division of the District Court is put in place of the references to the court of appeals.

The court is unable to conclude from the record before it that defendants failed to comply with the provisions of Fed. R. App. P. 8(a). Rule 8 requires that the applicant seek the stay in the Territorial Court only when it is practicable. In the instant case, the court finds that it was not unreasonable for the Assistant Attorney General not to request the stay when the Territorial Court first granted the temporary restraining order. The Assistant Attorney General may not have had the authority to seek the stay, and it was not unreasonable for him to first convey the information to his superiors.

The Attorney General, upon learning of the temporary restraining order, sought to contact the Territorial Court judge who issued the order, and also sought to reach the Chief Judge of the Territorial Court. Affidavit of Godfrey deCastro ¶ 6. Plaintiff has submitted an affidavit from the Territorial Court judge who issued the temporary restraining order. That affidavit states that she was available at the Territorial Court, Division of St. Croix, until 4:00 p.m., after which she went shopping in downtown Christiansted before returning to the condominium complex where she resides. Affidavit of Judge Eileen R. Petersen ¶¶ 2–4. Judge Petersen further states that her residence has a listed telephone number that

has been working since two weeks after Hurricane Hugo where public officials have contacted her on prior occasions. Id. ¶¶ 5–8.

The fact that Judge Petersen may have been generally available does not mean that the Attorney General made no efforts to contact her. The Attorney General is an officer of the court, and the court feels confident that he is aware of his duty of candor to the court. Virgin Islands Housing Auth. v. David, 823 F.2d 764, 766 (3d Cir. 1987) (per curiam) (citing Nix v. Whiteside, 475 U.S. 157 (1986)). As was recognized implicitly in the decision below, telephone service has been restored only in part, not in full. See Moorhead II, slip op. at 7. It is possible the Attorney General was simply unable to get through. This court is unwilling to speculate as to the causes of the Attorney General's inability to reach the Territorial Court, and finds that the Attorney General did make appropriate efforts.

The other instances of non-compliance with Rule 8 are not as compelling. Plaintiff argues that appellants did not provide notice to plaintiff before seeking the stay. The Attorney General did, however, attempt to contact plaintiff. Although plaintiff is correct that the Attorney General was not present at the hearing before the Territorial Court and has failed to provide this court with the record of the proceedings below, the Attorney General has provided this court with a copy of the opinion of the Territorial Court from which the appeal is taken.

 Rule 8(a) specifically contemplates that there will be exceptional circumstances in which it will be impracticable for an appellant to be required to follow all of the guidelines set forth in Rule 8(a). The facts of this case present such exceptional circumstances. The sitting chief judge, who would normally have handled this emergent matter, passed away on the very day that the case took on its appellate posture. News of Chief Judge O'Brien's death reached this court at the very same time as the Assistant Attorney General was seeking to contact the court about a possible stay. Moreover, the court cannot overlook the fact that the Attorney General was seeking relief over a holiday weekend,[5] when it may have been more difficult to reach persons needed to insure compliance with all of the rules of procedure. The court finds the

---

[5] The court learned only during the conference call on December 27, 1989, that the curfew had been lifted on Christmas Eve and Christmas Day, so that any harm that could have resulted from the issuance of the temporary stay was even less than the court had anticipated.

Attorney General's actions under these circumstances were sufficient under Rule 8.

■ The provisions of Fed. R. App. P. 8(a) are not jurisdictional. See Grubb v. Federal Deposit Ins. Corp., 833 F.2d 222, 224 (10th Cir. 1987) (considering merits of motion despite appellants failure to comply with requirement of Rule 8(a) that relief be sought in the first instance in district court). Cf. Fallen v. United States, 378 U.S. 139 (1964) (notice of appeal filed by prisoner in form of letter delivered, well within time for filing of notice of appeal, to prison authorities to be mailed to clerk of district court, held timely filed although not received by clerk until after deadline, because prisoner "did all he could" to effect timely filing); United States v. Robinson, 361 U.S. 220, 224 (1960) (timely filing of notice of appeal is mandatory and jurisdictional). Therefore, even if the court were to conclude that the Attorney General did not comply with the requirements of Rule 8, and that there were no exceptional circumstances excusing such non-compliance, such a failure would not deprive this court of jurisdiction.

II. *Stay Pending Appeal*

■ The factors to be considered in determining whether a stay pending appeal should be granted are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). A stay is more likely to be granted where the stay would merely preserve the status quo pending the appeal. See 11 C. Wright & A. Miller Federal Practice & Procedure § 2908 at 334 (1973). The balance of these factors weighs in favor of issuing the stay, although the court is presented with a close question. Accepting, as this court must under the circumstances, the facts as found by the Territorial Court, it appears that conditions are improving to the point where the overriding issue soon will be the concern for the restrictions on the exercise of constitutional rights imposed by the curfew. While that point is fast approaching, this court concludes that it has not as yet been reached.

(1) *Likely Success On The Merits:*

■■■■ As noted in the first challenge to the curfew, the "scope of review in cases challenging the constitutionality of a curfew is limited to a determination of whether the executive's actions were taken in good faith and whether there is some factual basis for the decision that the restrictions imposed were necessary to maintain order." Moorhead I, 24 V.I. at 325, 723 F. Supp. at 1113–14 (citing Bright v. Nunn, 448 F.2d 245, 249 (6th Cir. 1971); United States v. Chalk, 441 F.2d 1277, 1281 (4th Cir.), cert. denied, 404 U.S. 943 (1971); American Civil Liberties Union v. Chandler, 458 F. Supp. 456, 461 (W.D. Tenn. 1978)). This court must evaluate whether appellants have shown a likelihood of success on the merits of the appeal in light of the standard to be applied by the Appellate Division of the District Court. In reviewing the grant of preliminary or temporary relief, the appellate court is limited to determining whether there has been an abuse of discretion, an error of law, or a clear mistake on the facts. See Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). In reviewing for errors of law, the scope of review is plenary. See Tustin v. Heckler, 749 F.2d 1055, 1060 (3d Cir. 1984).

The Territorial Court noted that it was "undisputed that the Governor acted in good faith when the executive order was originally issued," Moorhead II, slip op. at 7, and implicitly found that the governor had continued to act in good faith. The Territorial Court rested its decision exclusively on the lack of a sufficient factual predicate for the continued existence of the curfew:

> The court is hard pressed, however, to find a factual basis for the continued existence of the curfew in view of the Governor's perplexing inconsistencies in implementing the curfew. Electrical and telephone service have been restored to a substantial portion of the island. The public highways are cleared of debris and virtually all law enforcement agencies are fully operational. Indeed, the conditions on the islands have improved so substantially that the Governor has requested the withdrawal of all United States Army and National Guard military police from the island; and by Proclamation dated Monday, December 18, 1989, [the Governor] has modified the curfew to cover the hours between 2:00 a.m. and 6:00 a.m. The Governor has further designated six days during the holiday season as curfew free day[s].

Moorhead II, slip op. at 7–8.

The facts as found by the Territorial Court are susceptible to differing interpretations. The Territorial Court found that improved conditions, the Governor's request for the withdrawal of United States personnel, and the relaxing of the hours of the curfew led to the conclusion that the curfew was no longer justified.

Although conditions have improved to the point that electricity has been restored to a "substantial portion" of the island, it is equally clear that conditions have not improved so much that there no longer exist substantial portions of the island with no electricity whatsoever. The Attorney General has submitted an affidavit to this court stating that approximately fifty percent of the island is still without electricity or telephone service. Affidavit of Godfrey deCastro ¶ 10. It appears likely, therefore, that there are still grounds for legitimate concern for the safety of the public during the hours of darkness, a concern which is even more compelling in the absence of electricity and telephone service with which to summon help. See Chalk, 441 F.2d at 1283.

Similarly, that the Governor has requested that United States personnel be withdrawn from the islands may signal not only that conditions have improved but also that the Governor may be less well equipped to respond to an emergency should one develop. Either interpretation may be correct, but the court defers to the Governor's apparent determination that his request for the withdrawal of personnel does not call for the termination of the curfew.

The weak link in the legal analysis employed below lies in its failure to afford the executive the proper deference and wide latitude necessary for dealing with an emergency situation. See Moorhead I, 24 V.I. at 324, 723 F. Supp. at 1114 (citing Chalk, 441 F.2d at 1280). The Governor has relaxed the curfew to the point where it has been in effect for only four hours a day, and not even on every day. While the court agrees that the curfew is approaching the point at which it may become of so little value that it is outweighed by the burden it imposes on the free exercise of constitutional rights, this court recognizes that the need for a curfew does not vanish overnight. Although conditions may no longer be as serious as they once were, it is equally clear that the island has not completely returned to normal. Whether the conditions warrant the curfew is a difficult question not easily answered with a simple "yes" or "no." A court's role in the aftermath of an emergency as serious as that presented by Hurricane Hugo is to review, with

deference, the decision of the executive; at all times, however, under such conditions, the executive must be permitted to make the decision in the first instance. The effect of the approach undertaken by the Territorial Court would be to encourage the executive not to reduce the hours of the curfew until the need for the curfew had been obviated altogether.

(2) *Irreparable Injury Absent a Stay:*

The court recognizes that there is a factual dispute concerning the injury absent a stay. Plaintiff claims that police officers have testified in another proceeding that the rate of crime has dropped. The Attorney General did not contest this, although he denied any knowledge of such a statistic. The Attorney General did argue, however, that to attribute a fall in the rate of crime to the improving conditions on the island would be mere speculation.

This court is inclined to agree with the Attorney General that evaluating the cause of change in the crime rate at this point would entail conjecture. This court concludes it is more prudent to defer to the Governor's decision to proceed with caution and to "test the waters." If there are no major incidents as a result of lifting the curfew during the holidays, at that point there may be a sufficient basis for concluding that the emergency has passed and there is no longer any need for a curfew. The Attorney General contends that there would be irreparable harm if a stay is not granted, and, under the circumstances, that claim is entitled to some deference. See Chalk, 441 F.2d at 1281. In these circumstances, a court must be cognizant of its limited scope of review, and must be cautious not to substitute its judgment for that of the executive. Id. Approximately half of the island remains without power and telephone service; this would indicate that the Attorney General's claim is not without some factual basis.

(3) *Injury to Other Parties From the Issuance of a Stay:*

Although the loss of rights under the first amendment cannot be later remedied by an award of money damages, Moorhead I, 24 V.I. at 326, 723 F. Supp. at 1114 (citing Chandler, 458 F. Supp. at 462), the curfew is now in effect only for four hours each day, from 2:00 a.m. until 6:00 a.m. Moreover, the curfew will not be in effect on New Year's eve and New Year's day. The court is confronted with allowing the curfew to remain in place for a relatively short period of time pending the appeal.

341

The hours during which the curfew will remain in effect are among those least likely to interfere with the exercise of first amendment rights, and simultaneously close to if not identical to the hours when the threat of crime and violence are at their highest: the hours when most people are asleep, and when night is at its darkest. Given this state of affairs, the court believes that the balance of hardships tips in favor of the issuance of the stay.

(4) *The Public Interest:*

With approximately fifty percent of the island without electricity and the other fifty percent with electricity, it might truly be said that the public interest is equally divided as to the issuance of a stay. The Governor, however, has weighed the public interest and found that it favors the curfew. Strong policy reasons support allowing the governor the flexibility to respond as he sees fit in a situation such as this. Absent any showing that the executive has abused his discretion, and absent any showing that the curfew has in fact been "used as a tool for harsh and erratic, discriminatory enforcement, Moorhead II, slip op. at 10, this court is obligated to defer to the judgment of the Governor.

## CONCLUSION

■ For the foregoing reasons, the court refuses to dismiss the appeal, and declines to disqualify itself from hearing the instant applications. The court will continue the stay pending appeal, and will convene a panel of the Appellate Division of the District Court on January 9, 1990 at 10:00 a.m. at the District of the Virgin Islands Courthouse, Christiansted, St. Croix.

## ORDER

This matter having come before the court on (1) defendants' application for a stay of the order of the Territorial Court which enjoined defendants from implementing the Governor's curfew, Executive Order of September 17, 1989 pending appeal to the Appellate Division of the District Court; (2) the motion of plaintiff to vacate the temporary stay issued; (3) the application of plaintiff to dismiss the appeal for failure to comply with Fed. R. App. P. 8(a); and (4) plaintiff's application to disqualify the court from hearing the instant motions; and

The court having entered on December 22, 1989, an oral order temporarily staying the temporary restraining order of the Territorial Court; and

The court having entered an oral order on December 27, 1989, denying plaintiff's application to disqualify the court; and

The court having considered the submissions of the parties and their arguments; and

For the reasons set forth in the court's opinion of this date;

IT IS on this 28th day of December, 1989, hereby

ORDERED that:

(1) defendants' motion for a stay pending appeal is GRANTED and plaintiff's motion to vacate the stay is DENIED; and

(2) plaintiff's motion to dismiss the appeal is DENIED.

IT IS FURTHER ORDERED that the parties shall file their briefs and related papers with the clerk and on each other in accordance with the briefing schedule set forth during the conference call of December 27, 1989.

The court hereby ORDERS that the APPEAL SHALL BE HEARD on January 9, 1990, at 10:00 a.m. at the District Court, St. Croix. The court will enter an order composing the panel at a later date.