**VIRGIN ISLANDS HOUSING AUTHORITY, Plaintiff/Appellee**

v.

**RAMONA DAVIS, Defendant/Appellant**

D.C. Misc. No. 1990-179

T.C. Civil No. 1990-262

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 3, 1990

DEBRA WATLINGTON, ESQ., St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for plaintiff*

BROTMAN, *Acting Chief Judge*

Before the court is appellant's emergency motion for a stay pending appeal, pursuant to Fed. R. App. P. 8. Appellant seeks to challenge the May 8, 1990 Judgment of the Territorial Court granting restitution of certain premises to appellee. Essentially, appellant seeks to stay, pending appeal, her eviction from the apartment where she currently resides.

213

## I. FACTS AND PROCEDURE

The underlying action in this matter was one for forcible entry and detainer and restitution, pursuant to V.I. Code Ann. tit. 28, §§ 781–794. By Judgment dated May 8, 1990, the Territorial Count granted appellee, Virgin Islands Housing Authority, restitution of the apartment appellant has been occupying, Building 4, Apartment 57, Estate Tutu Apartments, St. Thomas. In said Judgment, the court noted that appellant was represented by counsel, but failed to present any testimony or evidence on her behalf. Appellant filed a motion for a new trial on or about May 9, 1990, which was denied by Order dated June 19, 1990.

Appellant claims that neither she nor her counsel received a copy of the Judgment until June 29, 1990.[1] According to appellant, she only became aware of the Territorial Court's decision when a Territorial Marshall advised her, on June 29, 1990, that her eviction was imminent, but that the Marshall would allow appellant a few days to attempt to obtain a stay. Appellant is due to be evicted at 8:00 a.m. July 5, 1990. Appellant contacted her counsel on June 29, at which time he contacted the chambers of the Territorial Court Judge who handled the case, in an attempt to seek a stay from the Territorial Court. On July 2, 1990, appellant's counsel filed in the Territorial Court a motion for a stay pursuant to Fed. R. Civ. P. 62. Appellant was informed, however, that the trial judge was absent from the island, and unavailable to rule on the motion. Consequently, appellant comes to this court seeking a stay pursuant to Fed. R. App. P. 8.

Upon receiving appellant's motion, this court attempted to contact appellee's counsel for a telephone conference or hearing on the motion. Because July 3 is a Territorial Holiday (Emancipation Day), however, appellee's offices were closed and the attorney handling the case could not be located. Consequently, the court will review appellant's motion on the pleadings submitted by her counsel.

## II. DISCUSSION

■ The factors to be considered in determining whether a stay pending appeal should be granted are:

---

[1] Although appellant claims she did not receive notice of the Judgment, this contention seems at odds with appellant's having filed a motion for a new trial on May 9, 1990. Though not clear from appellant's pleadings, the court will proceed on the assumption that appellant did not receive notice of the denial of the motion for a new trial, rather than the May 8, 1990 Judgment.

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Moorhead v. Farrelly, 727 F. Supp. 193, 199 (D.V.I. 1989).

### (1) *Likely Success on the Merits*

In the instant case, appellant has failed to demonstrate any likelihood of success on the merits, much less a strong showing. Although appellant contends that she has a "fighting chance" of success on appeal, she simply asserts that "arguable issues on the merits are present, which revolve around the issues of the continued efficacy of a Notice to Quit in light of subsequent rent transactions and the entitlement of the Appellee to summary proceedings in light of the certification of the Appellant for a negative rent." This statement is not informative as to appellant's likelihood of success on the merits of her appeal. There is no other discussion or evidence in appellant's pleadings to make out any showing that appellant is likely to succeed on the merits of her appeal. In the Territorial Court, appellant did not present any evidence in support of her case that this court might look to for some indication of her argument on the merits. Thus, this court is left with no indication as to the merits of appellant's appeal.

### (2) *Irreparable Injury Absent a Stay*

Appellant argues that she will be irreparably harmed if this court does not grant a stay, claiming that her eviction will render her homeless and a public charge and will moot her appeal. Appellant has made no showing, however, that if she is successful on appeal, she will not be able to reoccupy the premises. Thus, it is not clear to the court that appellant's appeal will be moot absent a stay. As to appellant's claim that she will be homeless, this court is not unsympathetic to her situation. However, it must be remembered that the underlying action in this matter was one for forcible entry and detainer, a summary action to provide a speedy legal remedy of repossession by the landlord to eliminate the common law remedy of self-help for repossession by landlords. See Suarez v. Christian, 18 V.I. 581, 586 (D.V.I. 1981) (citation omitted). Were this court to grant a stay of execution of the Territorial Court's Judgment of restitution, the purpose of the forcible entry and detainer statute would be thwarted.

This is particularly so where, as here, appellant has failed to demonstrate any likelihood of success on the merits.

### (3) *Injury to Other Parties Absent a Stay*

Appellant also argues that issuance of a stay will not substantially injure appellee. Of course, the court is without the benefit of a response from appellee on this point; however, even assuming the correctness of appellant's contention in this regard, weighing this factor with the other factors, the court finds that this is not a sufficient reason to grant a stay.

### (4) *Where the Public Interest Lies*

As mentioned above, the underlying action in this matter was one for forcible entry and detainer and restitution of the premises. In enacting the statute, the Legislative and Executive branches of the Virgin Islands Government have weighed the public interest and decided to provide for summary proceedings to allow a landlord to recover possession of his or her property in a speedy fashion. To allow an unsuccessful defendant in a forcible entry and detainer action to delay enforcement of a judgment against him by filing for a stay of the judgment entered against him would frustrate the underlying goal of the statute. This court must be cautious not to substitute its judgment for that of the Legislative and Executive branches. Consequently, the court finds that under the facts of this case, the public interest lies in deferring to the policy decisions of the Executive and Legislative Branches of the Virgin Islands Government to provide a speedy remedy to landlords seeking repossession of real property.

## III. CONCLUSION

Having considered the factors set out above, the court finds that a stay is not warranted in the case at bar. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the court on appellant's motion for a stay pending appeal pursuant to Fed. R. App. P. 8; and

The court having considered the submissions of counsel; and

For the reasons stated in the court's accompanying Opinion of this date;

IT IS on this 3rd day of July, 1990 hereby

ORDERED that appellant's motion for a stay pending appeal is DENIED.