**HORNER EQUIPMENT INTERNATIONAL, INC., Plaintiff**

v.

**SEASCAPE POOL CENTER, INC. and ROBERT J. HEYM, Defendants**

Terr. Ct. No. 472/1986

Dist. Ct. No. 1987-329

District Court of the Virgin Islands

Appellate Division

August 15, 1990

EDDY RIVERA, ESQ., St. Croix, V.I., *for Horner Equipment International, Inc.*

WILFREDO A. GEIGEL, ESQ., St. Croix, V.I., *for Seascape Pool Center, Inc.*

BROTMAN, *Acting Chief Judge*

On Remand from the
United States Court of Appeals for the Third Circuit

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge,* District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting By Designation, JOSEPH J. FARNAN, JR., *Judge* of the United States District Court for the District of Delaware, Sitting by Designation, and IVE A. SWAN, *Judge* of the Territorial Court of the United States Virgin Islands.

## OPINION OF THE COURT

Before the court, now for the second time, is the issue of whether an appeal should be dismissed for failure to obtain the trial transcript from the court stenographer.

## I. FACTS AND PROCEDURE

Although it is unnecessary to review the merits underlying this litigation, the ponderous and labyrinthine procedural history brings life to this otherwise obscure and technical area of appellate procedure. In May, 1986, Horner Equipment International Inc. ("Horner") filed suit for the collection of a debt in the Territorial Court of the Virgin Islands. On April 1, 1987, the Territorial Court entered judgment in the amount of $7,083.03 in favor of Horner

against defendants Seascape Pool Center, Inc. ("Seascape") and Robert J. Heym ("Heym") after a bench trial. From these humble origins began an odyssey of appellate practice that has yet to lead to a determination of the merits of the appeal three years later.

Seascape initially sought relief from the judgment on the grounds of newly discovered evidence. The Territorial Court denied this motion on September 23, 1987. On October 23, 1987, Seascape filed a notice of appeal stating that Seascape and Heym appealed from "the Judgment entered against them and this Court's order of September 23, 1987." On December 1, 1987, the clerk of the district court filed the notice and contacted Seascape and Heym to draw their attention to the requirements for the payment of filing fees under Fed. R. App. P. 3(e) and for ordering relevant portions of the trial transcript pursuant to Fed. R. App. P. 10(b).[1]

By letter dated December 7, 1987, Seascape and Heym requested a trial transcript. On February 24, 1988, the Appellate Division dismissed the appeal for failure to prosecute in a timely manner. Fed. R. App. P. 3(a). One day later, Seascape and Heym filed a motion for reconsideration on the ground that the December 7, 1987 request for transcript met the requirements of Fed. R. App. P. 10(b). On March 18, 1988, the Appellate Division vacated the February 24, 1988 order and dismissed the appeal on the ground that the notice of appeal was untimely. On March 24, 1988, Seascape and Heym filed a second motion for reconsideration. Although they conceded that the notice was untimely with respect to the April 1, 1987 judgment, Seascape and Heym argued that the notice of appeal also encompassed an appeal from the September 28, 1987 order denying their motion for relief from judgment and was therefore timely filed as to the September 23, 1987. On April 18, 1988, the Appellate Division vacated the March 18, 1988 order and reinstated the order of February 24, 1988. The Appellate Division also denied the motion for reconsideration of the February 24, 1988 order "because of appellant's failure to pay for certain portions of the trial transcript [despite] repeated requests

---

[1] As the Third Circuit noted, Fed. R. App. P. 10(b)(1) required that Seascape and Heym order transcript within ten days of the filing of the notice of appeal. The clerk had apparently delayed in filing the notice until December 1, 1987, and therefore neither the parties nor the Third Circuit considered the December 7, 1987 request for transcript to be untimely. Horner Equipment International, Inc. v. Seascape Pool Center, Inc., 884 F.2d 89, 91 & nn. 6–7 (3d Cir. 1989).

from the Court to do so."[2] After yet another motion for reconsideration was denied, Seascape and Heym appealed.

The Third Circuit held that the record, as it then stood, was insufficient to support a dismissal on the merits for failure to prosecute. Horner Equipment Int'l, Inc. v. Seascape Pool Center, 884 F.2d 89 (3d Cir. 1989). In essence, the Third Circuit held that the dismissal of the appeal had been premature where it was not clear that the Appellate Division had imposed so draconian a sanction only as a last resort. The Third Circuit recognized that a dismissal on the merits for failure to comply with procedural rules is disfavored, id. at 93, and that in exercising its discretion to dismiss an appeal, "a court should consider and weigh such factors as whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default." Id. at 93 (citation omitted). The Third Circuit therefore vacated the order of the Appellate Division and remanded for further proceedings.

In connection with the remand, the following passage from the opinion of the Third Circuit is instructive:

> An affidavit stating that Seascape and Heym were not asked to pay or that they relied on customary practice without proof that the stenographer was satisfied with that practice is not sufficient to show compliance. A showing, by affidavit or otherwise, that they made a reasonable offer of payment before ordering the transcript and that the stenographer was satisfied with that offer might be sufficient. At the very least, Seascape and Heym would be required to show that they asked the stenographer to give them an estimate of the cost and that they stood ready to pay it forthwith. If they can make such a showing, and if it also appears that the stenographer has failed to give them an estimate, they would then be in a position to move for an order requiring the stenographer to promptly furnish an estimate and, upon its equally prompt payment, to prepare and file the transcript. It is the responsibility of Seascape and Heym, not the court or the clerk, to impose upon the stenographer a legally enforceable duty to provide transcript.

---

[2] As the Third Circuit observed, these repeated requests do not appear in the record.

Id. at 94–95. The Third Circuit then proceeded to state the following:

> Disposition of this appeal on its merits has been too long delayed. Upon remand, Seascape and Heym may wish to consider promptly filing a motion for an order requiring the stenographer to prepare the necessary transcript. Perhaps they could support that motion with facts, by affidavit or otherwise, sufficient to show that they or their counsel have taken all the steps necessary to impose upon the stenographer the duty to act. If such a motion is filed and so supported, the appellate division could decide that Seascape and Heym have done their duty under Rule 10(b)(4) and take steps to see that the stenographer does hers. Otherwise, the appellate division would be free, upon remand, to exercise its discretion under Rule 3(a) in favor of dismissing Seascape and Heym's appeal for their failure to comply with Rule 10(b).

Id. at 95.

Since the case was remanded on August 25, 1989, counsel for Seascape and Heym has done little to insure that the court stenographer was obligated to produce the transcript. Counsel filed a "Motion Requesting Transcript" on September 13, 1989.[3] On December 4, 1989, the stenographer filed an affidavit stating that she had not prepared a transcript because she had been informed by one of the attorneys for Seascape and Heym that the parties had reached a settlement and that the transcript was no longer needed. On December 22, 1989, counsel for Seascape and Heym filed an "Affirmative Motion" which asserted that there had been a misunderstanding between the stenographer and an attorney from his office, and that Seascape and Heym were still interested in prosecuting the appeal "and will pay for the transcript as soon as notified of the cost of same." The motion

---

[3] For reasons not apparent from the record, no action was taken by the Court in response to this motion. Hurricane Hugo swept through the Virgin Islands on September 17–18, 1989. Although the District Court continued to function, Chief Judge O'Brien was seriously ill at the time and was evacuated from the Virgin Islands for medical treatment and safety. The only District Court judge in the Virgin Islands at the time was attending to criminal matters and the recovery of the administration of the court system. In the immediate aftermath of the hurricane, the Governor of the Virgin Islands imposed nocturnal curfew which was in effect at least through December 28, 1989. Moorhead v. Farrelly (Moorhead II), 727 F. Supp. 193 (D.V.I. App. Div. 1989) (Brotman, Chief Judge); Moorhead v. Farrelly (Moorhead I), 723 F. Supp. 1109 (D.V.I. 1989) (per Brotman, J.).

indicates that it was served on counsel for Horner, but nothing in the record suggests that it was served on the stenographer.

On January 15, 1990, counsel for Horner filed an objection to the Affirmative Motion and argued that Seascape and Heym have used delays in the appellate procedure to frustrate the collection of the judgment. Horner requested that the appeal be dismissed.

The parties filed no other motions, pleadings, or other papers with the clerk of the court.[4] On June 21, 1990, the parties were informed, by virtue of the order composing this panel, that this case was listed for argument before the Appellate Division on July 11, 1990. Despite this notice of the scheduled argument, counsel for Seascape admitted at oral argument that he did not contact the court stenographer to obtain a transcript, or even to inquire of the situation; counsel maintained at argument that he was not obligated to do so and expected an order from the court directing the stenographer to prepare the trial transcript.

## II. DISCUSSION

The court must "consider and weigh such factors as whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default." Horner, 884 F.2d at 93 (citation omitted). It is apparent that the conduct of counsel for Seascape can be characterized only as willful. The record indicates that the stenographer believed, as of December 4, 1989, that there was no longer any need for a transcript. The record does not disclose any effort since then on the part of counsel for Seascape to correct the stenographer's misunderstanding. Nothing in the record indicates that counsel served a copy of the Affirmative Motion on the stenographer, and counsel conceded at oral argument that he has not personally contacted the stenographer. Such neglect rises to the level of deliberate indifference.

The extraordinary delay that has characterized this appeal brings with it prejudice to Horner. Although there has been no showing that Horner will be less well prepared to defend the judgment below, and in this sense is not prejudiced, at some point a delay which prevents a party from executing on its judgment becomes prejudi-

---

[4] On July 12, 1990, counsel for Seascape filed an "Information Motion" which contains many of the papers previously filed.

cial. See Conafay By Conafay v. Wyeth Laboratories, 793 F.2d 350, 354–55 (D.C. Cir. 1986) (Scalia, J., dissenting) (arguing that prejudice from cost of preparing lawsuit or motion may be sufficient, by itself, warrant denial of motion to dismiss voluntarily); 10 C. Wright, A. Miller & M. Kane Federal Practice and Procedure § 2699 at p. 536–40 (2d ed. 1983) (discussing prejudice in context of vacating default). Justice delayed is justice denied. When the delay is attributable to one of the parties rather than to some external factor, there is no basis for overlooking the prejudice that accrues with the delay. The court cannot agree that counsel for Seascape was justified in awaiting the court's ruling on his Affirmative Motion filed on December 22, 1989; that motion contained the following prayer for relief:

> THEREFORE it is requested that what transpired between Mr. Burton [who works for counsel for Seascape] and Ms. Willocks [the stenographer] be taken simply as a misunderstanding without any fault of the parties involved. Defendants are still interested in prosecuting this matter and will pay for the transcript as soon as notified of the cost for same.

It is unclear what relief is sought by this motion. On one hand, viewed liberally, it might be a request for an extension. On the other hand, it does not clearly request such an extension, and in fact implies that the movant is awaiting a response to an inquiry of the stenographer as to the estimated cost of the transcript. The request that the entire matter be viewed as a misunderstanding suggests that counsel has taken actions to dispel the confusion.

Counsel took no such steps, and counsel was obligated to do so. The Third Circuit unmistakably warned counsel that "[i]t is the responsibility of Seascape and Heym, not the court or the clerk, to impose upon the stenographer a legally enforceable duty to provide the transcript." Horner, 884 F.2d at 94–95. This is not the first case in which counsel for Seascape has had difficulties obtaining a trial transcript. In the very case which counsel cited to the court at oral argument, Guardian Ins. Co. v. Reliable Tire Serv., Inc., Civil No. 89-3240 (3d Cir. Jan. 26, 1990), the Third Circuit declined to reach an issue raised by one of the parties because, in part, counsel for one of the appellants had not filed the transcript; counsel for Seascape was that counsel. Counsel has had a sufficient opportunity to cure the default, and has elected not to do so. The court is therefore free to dismiss the appeal.

## CONCLUSION

■ For the foregoing reasons, the court will dismiss the appeal for failure to obtain the transcript of the trial. Counsel for Seascape and Heym has failed to obtain the trial transcript, a relatively straightforward task, in the one year that the case has languished since remand. Such disregard for the orderly functioning of the appellate process cannot be condoned or overlooked.

The court will direct counsel for Horner to submit, in the form of an affidavit, to the Clerk of the Court a statement listing Horner's attorney's fees since the original appeal from the order of the Territorial Court. After a review of that computation, the Court will enter an order directing that counsel for Seascape and Heym pay these fees personally. Fed. R. App. P. 38; Fed. R. Civ. P. 11. Payment of this sanction may not be passed along to Seascape and Heym, and the order to be entered will direct that the parties be personally served with this opinion.

## JUDGMENT OF THE COURT

This matter is before the court on remand from the United States Court of Appeals for the Third Circuit; and

After a careful review of the record and having considered the submissions of the parties and the arguments of counsel at the hearing held July 11, 1990; and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 15th day of August, 1990

ORDERED that the appeal of Seascape and Heym is DISMISSED WITH PREJUDICE.

IT IS further ORDERED that counsel for Seascape and Heym PERSONALLY SERVE upon his respective clients a copy of the Court's opinion of this date, and that counsel for Horner SUBMIT AN AFFIDAVIT OF FEES AND COSTS relating to the appeal from the order of the Territorial Court, which the Court shall, after reviewing the reasonableness thereof, direct counsel for Seascape and Heym personally to pay.