United States Court of Appeals,

Eleventh Circuit.

No. 95-4410.

Robert SMITH, Ernest Porter, American Civil Liberties Union of Florida, Incorporated, a Florida non-partisan organization, Roger Kinkle, on behalf of himself and all others similarly situated, Plaintiffs-Appellants,

William Pitts, Plaintiff,

v.

Joaquin AVINO, in his official capacity as manager of Metropolitan Dade County, Florida, Metropolitan Dade County, Defendants-Appellees.

Aug. 12, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 92-2593-CV-KMM), K. Michael Moore, Judge.

Before TJOFLAT, Chief Judge, and RONEY and PHILLIPS[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

This is an official capacity suit against Metropolitan Dade County and its manager challenging the curfew that was imposed in the wake of Hurricane Andrew. The plaintiffs alleged the curfew was unconstitutionally vague and overly broad, both facially and as applied, and sought a declaratory decree, damages, and attorneys fees pursuant to 42 U.S.C. § 1988.

A final judgment for the defendants resulted from the decisions of two district judges: Judge K. Michael Moore denied plaintiffs' motion for summary judgment alleging the facial invalidity of the curfew, holding that the curfew was neither vague nor overbroad. *Smith v. Avino,* 866 F.Supp. 1399 (Oct. 20, 1994).

---

[*]Honorable J. Dickson Phillips, Jr., Senior U.S. Circuit Judge for the Fourth Circuit, sitting by designation.

In a subsequent order, he declined to reconsider that decision and refused 28 U.S.C. § 1292(b) certification for immediate appeal. *Smith v. Avino,* Case No. 92-2593-Civ-Moore (Dec. 8, 1994). Judge Jacob Mishler held a bench trial of the "as applied" claims. These claims asserted that the curfew was overbroad because it impinged on plaintiffs' personal liabilities, primarily the right of travel, and continued after the emergency had passed; and that the curfew was void for vagueness because it was selectively enforced against these plaintiffs. Based upon his findings of fact, Judge Mishler resolved the issues against the plaintiffs, and, declining to reconsider the earlier decisions of Judge Moore, entered final judgment for the defendants. *Smith v. Avino,* Case No. 92-2593-Civ-Moore/Mishler (Feb. 27, 1995). Plaintiffs appeal all three of those decisions.

Holding that these judges applied the correct standard in considering challenges such as this one to curfews promulgated in times of natural disaster emergencies made not clearly erroneous findings of fact, and properly held that based on those facts and the correct standard of review, the curfew was not unconstitutionally vague or overly broad, we affirm.

We decide this case on the basis of the constitutionality of the curfew. Defendants argued that because the defendant county manager and the County itself acted as agents or instrumentalities of the State of Florida, they cannot be held liable because they were not the final policy making authorities and are immune from suit under the Eleventh Amendment. Judge Moore refused to dismiss the case on this ground. Judge Mishler held that declaratory

relief outlining the permissible scope of future executive actions would be an advisory opinion contrary to Article III jurisdiction. We voice no opinion as to the correctness of those decisions. We assume, without deciding, that plaintiffs here are entitled to a decision addressing their concerns about the constitutionality of the curfew.

As an alternative basis for affirming the district court, defendants ask this Court to hold they are immune from suit under the Eleventh Amendment, an argument plaintiffs argue has been waived. Under the law of this Circuit, Eleventh Amendment immunity is considered to be in the nature of subject matter jurisdiction, which can be considered at any time in the litigation and cannot be waived by the parties. *Zatler v. Wainwright,* 802 F.2d 397, 399 (11th Cir.1986) (This Court is duty bound to "review [its] jurisdiction at any point on appeal, ... and the eleventh amendment "partakes of the nature of a jurisdictional bar' ") (citations omitted); *Whiting v. Jackson State University,* 616 F.2d 116, 127 n. 8 (5th Cir.1980) ("Although neither [defendant] has raised the bar of the eleventh amendment, we consider it *sua sponte* because a defense based upon the eleventh amendment is in the nature of a jurisdictional bar."). *Compare Benning v. Board of Regents of Regency Universities,* 928 F.2d 775, 777 n. 2 (7th Cir.1991) ("We are not obliged to reach the Eleventh Amendment issue because the Eleventh Amendment doctrine of sovereign immunity, though often characterized as jurisdictional, does not function as a true jurisdictional bar.").

Though it is the usual practice to resolve subject matter

jurisdiction issues before reaching the merits, it is permissible for the Court to bypass jurisdictional questions and decide the case on the merits when the jurisdictional issue is difficult, the law is not well-established, and a decision on the merits favors the party who has raised the jurisdictional bar. *See Slocum v. United States,* 515 F.2d 237, 238 n. 2 (5th Cir.1975) (Regarding whether agriculture department order reviewable under the APA, court decided there was no need to take up the "interesting" jurisdictional question when a finding of no jurisdiction would produce the same result reached on the merits). *See also Browning-Ferris Industries of South Jersey, Inc. v. Muszynski,* 899 F.2d 151 (2d Cir.1990) (Lengthy discussion of court's decision to assume subject-matter jurisdiction in case where operator of waste disposal facility challenging requirement of Environmental Protection Agency). *See generally* Case Comment, *Assuming Jurisdiction Arguendo: The Rationale and Limits of Hypothetical Jurisdiction,* 127 U. of Pa.L.Rev. 712 (1979). Though rarely used, the device of assuming without deciding subject matter jurisdiction seems appropriate in this case.

Hurricane Andrew struck Dade County, Florida, on August 24, 1992. The storm's widespread destruction to homes, roads, power, and communication services is undisputed. The Governor of the State of Florida issued an Executive Order that declared a state of emergency and provided that Miami city and Metropolitan Dade County officials could impose curfews until December 21, 1992. The county manager issued a proclamation setting a curfew for the County from 7:00 pm to 7:00 am. The National Guard, as well as other law

enforcement officials, was called in to assist local police. Over the next few weeks, the curfew was modified as to geographical area and time of enforcement. By October 2, 1992, the curfew was in effect from 10:00 pm through 5:00 am and covered a specified area of south county. Each proclamation required that persons in the affected area were to remain in their homes during the curfew hours, unless otherwise authorized. The curfew was lifted November 16, 1992, twenty-four hours after the National Guard departed.

The challenged curfew language required that "[a]ll persons residing in these areas are commanded to remain in their homes during the hours of the curfew, unless otherwise authorized by Dade County, State of Florida or federal officials."

The basic law concerning the vagueness and overbreadth of legislative authority has been established by the Supreme Court. A statute is void for vagueness when its prohibition is so vague as to leave an individual without knowledge of the nature of the activity that is prohibited. *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 323, 9 L.Ed.2d 405 (1963). To pass constitutional muster, a statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited.... [and] provide explicit standards for those who apply [it]" to avoid arbitrary and discriminatory enforcement. *Grayned v. City of Rockford,* 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972). Even a clear, precise ordinance may be "overbroad" if it prohibits constitutionally protected conduct. *Grayned,* 408 U.S. at 114, 92 S.Ct. at 2302.

Once a law is determined to be constitutional as written, it

may still be challenged if it was applied in an unconstitutional manner. *Smith v. Goguen,* 415 U.S. 566, 576, 94 S.Ct. 1242, 1248-49, 39 L.Ed.2d 605 (1974); *Palmer v. City of Euclid, Ohio,* 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971).

The key to judicial consideration to the challenge in this instance lies in the circumstances under which the curfew was instituted. The plaintiffs do not argue, nor can there be any doubt, that the devastation and chaos created by Hurricane Andrew required the authorities to act, and act quickly, to protect the interests of the victims. In fact, the first prayer for relief in the plaintiffs' complaint asked the court to declare unconstitutional and unlawful the "failure of Defendants" to create and implement constitutionally valid ordinances. Police action was clearly required.

Cases have consistently held it is a proper exercise of police power to respond to emergency situations with temporary curfews that might curtail the movement of persons who otherwise would enjoy freedom from restriction. *Moorhead v. Farrelly,* 727 F.Supp. 193 (D.V.I.1989) (ravages of Hurricane Hugo); *United States v. Chalk,* 441 F.2d 1277 (4th Cir.1971) (civil unrest after racial incident); *In re Juan C.,* 28 Cal.App.4th 1093, 33 Cal.Rptr.2d 919 (1994) (widespread looting, violence during riots in Los Angeles).

In such circumstances, governing authorities must be granted the proper deference and wide latitude necessary for dealing with the emergency. From prior decisions involving natural disasters, both of the judges in the district court gleaned the proper approach in such matters: when a curfew is imposed as an emergency

measure in response to a natural disaster, the scope of review in cases challenging its constitutionality "is limited to a determination whether the [executive's] actions were taken in good faith and whether there is some factual basis for the decision that the restrictions ... imposed were necessary to maintain order." *United States v. Chalk,* 441 F.2d at 1281; *Moorhead v. Farrelly,* 727 F.Supp. at 200.

Plaintiffs concede a curfew was necessary when imposed. There has been no suggestion that the defendants acted in bad faith. The curfew was in direct response to the official emergency declared by the Governor of the State and the factual emergency conceded to exist. Flexibility in any such curfew is a key ingredient to provide the enforcing authorities with the practical ability to carry out the purposes for which it is instituted. *Moorhead v. Farrelly,* 727 F.Supp. 193 (D.V.I.1989).

Plaintiffs complain that the curfew is unconstitutionally vague both on its face and as applied because it failed to advise residents of the parameters of their right to travel. Though the curfew allowed "authorized" travel, there was no criteria set forth in the curfew order itself for obtaining authorization; no stated exceptions for necessary travel to or from work, school, religious activities, or in connection with medical or personal emergencies for the residents; nor were there exceptions for emergency personnel, such as ambulance drivers or firefighters to enter the area during the curfew.

Contrary to plaintiffs' argument that this information was unavailable to residents, the district court made factual findings,

unchallenged on this appeal, that the police were given guidelines in the exercise of discretion to permit travel for medical reasons, work, or school, and that the police trained the military in the application thereof. There was also testimony that during regular door-to-door visits by police officers, the community was advised of the possibilities for obtaining authorization for travel during curfew hours.

Basically, plaintiffs argue that the curfew is constitutionally flawed because it did not contain "built-in exceptions" for necessary activity. *State of Connecticut v. Boles,* 5 Conn.Cir.Ct. 22, 240 A.2d 920, 923 (1967). That court, in considering a curfew that was imposed to quell a riot, acknowledged that "[u]nder usual and normal circumstances and as a general proposition, this may be true. But the circumstances existing at the time were not usual, nor were they normal." *Id.* While we would agree with plaintiffs that in a normal situation, the proclamation should be as informative as possible, under the emergency circumstances present in this case, the proclamation was not constitutionally flawed because it did not include exceptions. In an emergency situation, fundamental rights such as the right of travel and free speech may be temporarily limited or suspended. *See Aptheker v. Secretary of State,* 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964); *Korematsu v. United States,* 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944).

The claims tried by Judge Mishler—that the curfew was overbroad because it impinged on plaintiffs' personal liberties and continued after the emergency ended and that it was void for

vagueness as it was applied to plaintiffs because of selective enforcement—were denied because the findings of fact did not support the claims. Those findings are protected here by the clearly erroneous standard of review.

The district court properly held that it could not say that the curfew was so broad or vague that it unconstitutionally denied personal liberty without due process of law. The nature of the emergency and the exigency of the time warranted the imposition and length of the curfew.

It is significant that the parties have cited no cases, nor have we found any in which a curfew mandated because of situation caused by a natural disaster was held unconstitutional so that affected persons could recover damages against the local authorities.

AFFIRMED.