[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 97-2855
_____

D. C. Docket No. 4:96cv168 MMP

CHARLES SEABORN,
ROBERT HARRIS,

Plaintiffs-Appellants,

versus

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(June 16, 1998)

Before COX and BLACK, Circuit Judges, and RONEY, Senior Circuit
Judge.

BLACK, Circuit Judge:

Appellants Charles Seaborn and Robert Harris brought this action against the

State of Florida, Department of Corrections (Florida), alleging they were

discriminated against in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (ADA). The district court granted Florida's motion for summary judgment and Appellants filed this appeal. Florida now asserts for the first time that it is entitled to Eleventh Amendment sovereign immunity from Appellants' ADA claims.

## I. BACKGROUND

Appellants are African-American males who worked for Florida at the Tallahassee Community Correctional Center (TCCC). Appellants have a skin condition known as *pseudofolliculitis barbae* (PFB), which causes lesions to form on the surface of their skin after shaving. Appellants allege that the appropriate treatment for PFB is simply to refrain from shaving and, therefore, that they must wear beards as a matter of medical necessity.

TCCC has a "No Beard Policy" requiring male employees to be clean-shaven. This policy includes medical exceptions under which TCCC permitted Appellants to wear beards. Appellants allege they nevertheless were subjected to de facto workplace discrimination and were denied promotions because they wore beards. Appellants brought claims against Florida pursuant to the ADA, asserting that PFB is a disability. The district court granted Florida's motion for summary judgment, concluding that Appellants do not have a disability within the meaning of the ADA

because PFB does not substantially limit Appellants' ability to work.[1] This appeal followed.

## II. DISCUSSION

Florida asserts for the first time on appeal that it is entitled to Eleventh Amendment immunity from Appellants' ADA claims. An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction: "The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed on federal jurisdiction." *Seminole Tribe v. Florida*, 517 U.S. 44, 72-73, 116 S. Ct. 1114, 1131-32 (1996). Eleventh Amendment immunity therefore may be asserted for the first time on appeal. *Smith v. Avino*, 91 F.3d 105, 107 (11th Cir. 1996) (citations omitted), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, __ U.S. __, 118 S. Ct. 1003 (1998). Furthermore, an assertion of Eleventh Amendment immunity

---

[1] Appellants also brought claims alleging they were discriminated against on the basis of race in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17. Florida filed a motion for summary judgment on all claims. In its order dismissing the ADA claims, the district court reserved judgment on the Title VII claims and instructed Appellants' counsel to clarify the theory of Title VII liability and to specify the record evidence demonstrating a genuine issue of material fact. After further briefing, the district court dismissed the Title VII claims, ruling that Appellants had not stated a prima facie case of discrimination under any theory of Title VII liability. Appellants appeal the district court's order dismissing the Title VII claims. We affirm the dismissal of the Title VII claims on the basis of the well-reasoned district court opinion.

3

must be resolved before a court may address the merits of the underlying claim(s). *See Steel*, __ U.S. at __, 118 S. Ct. at 1012-16.[2]

Florida is entitled to Eleventh Amendment immunity unless Congress has abrogated that immunity. "In order to determine whether Congress has abrogated the States' sovereign immunity, we ask two questions: first, whether Congress has unequivocally expressed its intent to abrogate the immunity; and second, whether Congress has acted pursuant to a valid exercise of power." *Seminole Tribe*, 517 U.S. at 55, 116 S. Ct. at 1123. Congress has unequivocally expressed its intent for the ADA to abrogate sovereign immunity. 42 U.S.C. §12202. Therefore, our analysis will focus on the second question set forth in *Seminole Tribe*.

In *Kimel v. State Bd. of Regents,* 139 F.3d 1426, 1433 (11th Cir. 1998), a panel of this Court held that the ADA is a valid exercise of the Enforcement Clause of the Fourteenth Amendment and concluded that the States do not have Eleventh

---

[2] Despite the jurisdictional nature of the Eleventh Amendment, prior to *Steel* this Court held that an assertion of sovereign immunity could be ignored where the resolution of the merits of a claim would favor the party asserting sovereign immunity:

> Though it is the usual practice to resolve subject matter jurisdiction issues before reaching the merits, it is permissible for the Court to bypass jurisdictional questions and decide the case on the merits when the jurisdictional issue is difficult, the law is not well-established, and a decision on the merits favors the party who has raised the jurisdictional bar.

*Smith*, 91 F.3d at 108. This practice was referred to as "hypothetical jurisdiction," whereby the court hypothetically assumed jurisdiction over a case and then dismissed the case on the merits. The Supreme Court squarely rejected the doctrine of hypothetical jurisdiction in *Steel* and instructed that a challenge to Article III subject matter jurisdiction must be resolved before a court may address the merits of the underlying claim in any manner. *Steel*, __ U.S. at __, 118 S. Ct. at 1012-16.

4

Amendment immunity from claims brought under the ADA. *Id.* We are bound by the decision of the *Kimel* panel unless that decision is overruled by the Supreme Court or by this Court sitting en banc. *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991).

Having resolved the Eleventh Amendment issue against Florida, we may now address the merits of Appellants' ADA claims. We affirm the dismissal of Appellants' ADA claims on the basis of the well-reasoned district court opinion.

AFFIRMED.